GRAUSTEIN AND COMPANY *vs.* EMPLOYERS' LIABILITY ASSURANCE
CORPORATION, LIMITED, OF LONDON.

Suffolk,   March 7, 1913. — May 20, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DE COURCY, JJ.

*Insurance,* Against liability.   *Evidence,* Admissions by conduct.   *Words,*
" Accidentally."

In an action on a policy, insuring the plaintiff "against loss from the liability im-
posed by law upon the assured for damages on account of bodily injuries . . .
accidentally suffered by any person . . . other than the employes of the assured
while within or upon the premises of the assured at the location described in
the schedule, or the premises or ways adjacent thereto, by reason of the operation
of the trade or business described in the schedule," the schedule referred to
contained, among other things, the following statement: "The location of as-
sured's premises is Charlestown Stable, East Cambridge, and elsewhere in
service of employers." The business described in the schedule was "All
operations incidental to the business of milk and dairy business." The
amount which the plaintiff sought to recover was paid by it in settlement of an
action brought by a person not in the employ of the plaintiff for an assault
committed on him at his store, which was no part of the premises of the plain-
tiff, by employees of the plaintiff when removing an ice chest lent by the plain-
tiff to the assaulted person to keep his milk in while purchasing milk from the
plaintiff. *Held,* that the liability was not covered by the policy, which applied
only to injuries suffered on the plaintiff's premises at Charlestown, East Cam-
bridge or elsewhere, wherever such premises might be; and that, as the place of
injury was not covered by the policy, it was not necessary for the court to con-
sider whether the injury was one "accidentally suffered."

In an action against an insurance corporation on a policy against loss from lia-
bility for personal injuries suffered on the plaintiff's premises as described in
the policy, a letter of the defendant's superintendent distinctly denying the
defendant's liability, and basing such denial on the ground that the injury was
of a kind not covered by the policy, does not show necessarily that the defend-
ant agreed that the injury occurred within the area covered by the policy.

MORTON, J.   This is an action upon a policy of insurance issued
by the defendant to the plaintiff company insuring it "against loss
from the liability imposed by law upon . . . [it] . . . for damages
on account of bodily injuries, including death resulting therefrom,
accidentally suffered by any person or persons whomsoever other
than the employees of the Assured while within or upon the
premises of the Assured at the location described in the Schedule,
or the premises or ways adjacent thereto, by reason of the opera-

tion of the trade or business described in the Schedule." The location described in the Schedule was "Charlestown Stable, East Cambridge, and elsewhere in service of employers." The business described in the schedule was "All operations incidental to the business of milk and dairy business." The case was heard by a judge of the Superior Court* without a jury upon agreed facts, and the judge found for the defendant. The case comes here on report, the parties having stipulated that if the plaintiff is entitled to recover, judgment shall be entered for the plaintiff for $700; otherwise judgment is to be entered for the defendant.

From the agreed facts it appears that the plaintiff had lent an ice chest to one Samerjian to keep his milk in while purchasing milk from the plaintiff, and that pursuant to a notice from him to remove it the plaintiff sent a team with two of its employees to Samerjian's store for that purpose; and it was not convenient just at that time to Samerjian to have it removed, and that he attempted to prevent the employees from removing it; but they persisted in removing it and while doing so one of them struck Samerjian in the eye. The use of force by the employees was contrary to the directions of the plaintiff. Samerjian brought an action against the plaintiff to recover for the injuries thus sustained, and the plaintiff gave the defendant notice thereof and requested it to defend the same, which the defendant declined to do. While the action was pending the plaintiff compromised and settled it with Samerjian, having requested the defendant's assent to such settlement, which the defendant refused to give, saying that it would not waive any of its rights under the policy. This action is to recover the amount so paid and the expenses to which the plaintiff was put for legal services and otherwise. It is agreed that the settlement made was a fair settlement of the plaintiff's liability, if any, to Samerjian. It is also agreed that Samerjian never was an employee of the plaintiff and that his store where the assault took place was no part of the plaintiff's premises.

We think that the finding for the defendant was right. The insurance is against liability imposed by law upon the plaintiff for damages on account of bodily injuries accidentally suffered

---

* *Lawton, J.*

by any person other than employees while within or upon the premises of the plaintiff at the location described in the schedule or the premises or ways adjacent thereto. This language, omitting for the moment the reference to the schedule, would import a particular place or places within the control of the plaintiff at which bodily injuries have been accidentally sustained by a person or persons not in the employ of the plaintiff for which the plaintiff is liable. The words "premises or ways adjacent thereto" confirm this construction, since premises and ways naturally would be spoken of as adjacent only to other premises. The plaintiff contends that the words "and elsewhere in service of employers" mean anywhere where at any time the plaintiff is engaged in doing any of its business. We do not think that this is the natural construction of those words taken in the connection in which they occur, and also in connection with the language which we already have referred to in the body of the policy. The words occur in a column headed "The location of Assured's premises is" and follow the words "Charlestown Stable, East Cambridge" and mean, we think, as contended by the defendant, premises of the assured in Charlestown, East Cambridge, or elsewhere, where such premises are. The different character of the risks covered by the three policies issued to the plaintiff and other considerations also tend, we think, although we do not place much stress upon them, to show that this is the true construction.

Extracts from a letter written by the plaintiff to the defendant and the defendant's reply thereto were incorporated in a "supplemental agreed statement of facts." The judge evidently understood this to be done for the purpose of showing a waiver on the part of the defendant of the provision limiting its liability to "damages on account of bodily injuries . . . suffered . . . while within or upon the premises of the Assured at the location described in the Schedule," and found and ruled that there was "no such waiver," and that "the defendant . . . [was] . . . not estopped from setting up said provision in defense of this action." The plaintiff in effect now concedes that there was no waiver, but insists that the correspondence shows that both parties placed the same construction upon the policy for which it now contends, and that the defendant is bound thereby. But it can-

not be ruled as matter of law, even if that question is open to the plaintiff, which we do not decide, that the defendant has adopted or agreed to the construction contended for by the plaintiff. The letter of the defendant's superintendent contained a distinct denial of the defendant's liability under the policy, and though put on the ground that Samerjian's action was based entirely on the assault and that the policy did not cover that, it does not necessarily follow that the defendant is to be taken to have thereby agreed that the place where the assault occurred was within the area covered by the policy.

The construction which we have given to the policy in regard to the places covered by it being decisive against the right of the plaintiff to recover, it is not necessary to consider whether the injury which Samerjian sustained from the assault was "accidentally suffered" within the meaning of the policy. See *Mitchinson* v. *Day Brothers*, [1913] 1 K. B. 603.

*Judgment for the defendant.*

A. R. *Graustein,* (J. E. *Searle* with him,) for the plaintiff.

J. A. *Lowell,* for the defendant.