ROBERT E. HOLLIDAY *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.   March 7, 1913. — May 20, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DE COURCY, JJ.

*Negligence,* Street railway.

One, who boards an open street railway car, which seems to be full, and, after standing for a few seconds on the running board at about the middle of the right hand side of the car, walks slowly and carefully along the running board, while the car is in motion, toward a vacant place which he sees in the second seat from the front, and, having hold of a stanchion with each of his hands, is in the act of stepping into the car to take the seat, when in some way unknown to him he is thrown to the ground, is not negligent as matter of law.

It is evidence of negligence on the part of the conductor of an open street railway car, that, when a passenger who had walked slowly and carefully along the running board was in the act of stepping into the car, the conductor brushed by him or hit him and caused him to fall to the ground.

TORT for personal injuries sustained on July 20, 1909, on Western Avenue near Riverdale Street in that part of Boston called Allston, when the plaintiff was in the act of stepping from the right hand running board into the body of an open street railway car operated by the defendant, by reason of the alleged negligence of the defendant and of its agents and servants. Writ dated October 15, 1909.

In the Superior Court the case was tried before *Dana,* J. The evidence is described in the opinion. At the close of the evidence the defendant asked the judge to rule that upon all the evidence the plaintiff was not entitled to recover, that upon all the evidence the plaintiff was not in the exercise of due care, and that there was no evidence of negligence of the defendant, its servants or agents. The judge refused to make any of these rulings, and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $3,500. The defendant alleged exceptions.

*W. Kittredge,* for the defendant.

*W. H. Hitchcock,* for the plaintiff, was not called upon.

MORTON, J. The plaintiff, while a passenger upon one of the defendant's cars and in the act of stepping from the running board to a seat in the body of the car, was knocked off by the conductor, or fell off, and received the injuries complained of. The plaintiff testified that he boarded the car at the corner of Everett Street and Western Avenue in Allston. When he boarded it the car seemed full. There were some passengers on the running board toward the rear and others on the rear platform. The plaintiff stood for a few seconds on the running board at about the middle of the right hand side, and then walked slowly and carefully along the running board, the car being in motion, toward a vacant place which he saw in the second seat from the front; and with one hand on one stanchion and the other hand on another stanchion, was in the act of stepping into the car to take the seat when something happened, and he knew nothing until two days later. This was in substance the plaintiff's account of the accident. Witnesses called by the plaintiff testified to seeing the conductor pass along the running board and brush by or hit the plaintiff just as he was stepping into the car, and to seeing the plaintiff then fall off the car. Witnesses called by the defendant, including the conductor, contradicted the evidence.

thus introduced by the plaintiff and testified that the conductor did not pass along the running board. Plainly the question as to the manner in which the accident happened was one of fact for the jury. It could not be ruled as matter of law that the plaintiff was not in the exercise of due care in walking along the running board as he did to procure the seat which he saw. Nor could it be ruled as matter of law that there was no evidence of negligence on the part of the conductor, or that the accident to the plaintiff was not caused thereby.

*Exceptions overruled.*