## LEAKSVILLE LIGHT & POWER COMPANY v. GEORGIA CASUALTY COMPANY.

(Filed 19 November, 1924.)

1. **Insurance—Indemnity—Employer and Employee — Contracts—Ambiguity—Provisions.**

   While a policy of indemnity against damages to other persons than employees of insured for personal injuries, etc., in case of ambiguity of the language employed is resolved against the company by a reasonable interpretation, the principle does not obtain when the policy by plain language expresses the contract of the parties thereto upon the subject.

2. **Same—Electric Companies—Linemen—Drivers of Automobile Trucks.**

   Where a policy of indemnity to an employer against damages to other than employees explicitly excepts those caused by the operation of vehicles, trucks, etc., engaged in the employer's business, or the negligence of the drivers thereof, the provision clearly expressed, will be given effect in favor of the insurer, though the driver at the time was classified in the policy as an employee, in this case a lineman of an electric power and light company regularly engaged in the service of his employer at the time such injury was caused to another than an employee, as a part of his employment, and classified as an employee whose negligent acts the policy of indemnity covered.

CIVIL ACTION heard on case agreed before *Shaw, J.,* and by consent decided by him in chambers at Greensboro.

It appears that plaintiff is a corporation duly chartered under the laws of North Carolina, with the principal office at Leaksville in said State and as such is engaged in maintaining and operating an electric light and power company furnishing current and power to the communities of Leaksville, Spray, Draper and vicinity. That the action is to recover of defendant on an insurance policy agreeing to indemnify plaintiff to amount of $5,000 against loss resulting from claims for damages on account of bodily injuries suffered during the life of the policy, including death resulting at any time from such injuries by any person or persons not employees of the assured by reason of the operation of the work of the assured described in an annexed schedule, etc.

It appears that one John T. Robertson, not an employee of plaintiff, while traveling on the highway in said county was severely injured by the negligent operation of an automobile truck of plaintiff, while being driven along the highway in the county, loaded with poles to be used at some point and in some way in the plaintiff's work.

That said Robertson made claim for $20,000 and plaintiff settled same for $5,000, which is agreed to be a fair adjustment of the matter.

Some of the relevant facts attendant upon the injury and present claim therefor are stated in the case agreed as follows:

"That the estimated compensation of employees upon which the said policy was based and premium paid included linemen as employees in charge of the defendant's business. That the plaintiff had no regular automobile drivers, but the linemen and other employees of the company drove its service car from time to time, and that said employees in charge of the service car at the time of the injury complained of, were carrying a load of poles in an automobile truck from Leaksville to Spray, along the highway, for the purpose of repairing a portion of plaintiff's transmission lines, and while so driving along the highway negligently permitted certain material so being handled, to wit, an electric light pole, to violently strike the said John T. Robertson, who was coming along the highway from the opposite direction, and to inflict upon him serious bodily injury. That the electric light pole which did the injury was loaded upon the service car which was being driven by the said employees.

"That it is agreed that if the court shall be of opinion that the plaintiff is entitled to recover upon the foregoing admitted facts, that the court shall enter judgment for the plaintiff in the sum of $5,000 and the costs, and that if the court shall be of opinion from the foregoing admitted facts that the plaintiff is not entitled to recover, that the court shall enter judgment that the plaintiff recover nothing and pay the costs of the action."

Recovery was resisted on the ground that the claim did not come within the terms and stipulations of the policy sued on, and on consideration of the pertinent facts presented there was judgment for defendant and plaintiff having duly excepted appealed.

*Brooks, Parker & Smith for plaintiff.*
*Wilson & Frazier for defendant.*

HOKE, C. J., after making the above statement: The policy sued on as stated, contains an agreement to indemnify plaintiff against claims on account of bodily injuries, etc., suffered by any one not an employee of the company by reason of the operation of the work of the assured, with stipulations among others as follows:

"Subject to the following conditions which are to be construed as conditions precedent:

"Condition A: This policy does not cover loss arising from injuries or death (1) caused by persons whose compensation is not included in the estimated compensation set forth in the said schedule." And referring to this schedule it appears that same contains an enumeration of nearly all plaintiff's employees including linemen, but closes with the following:

"Except Drivers—And Secretary and Treasurer (5) and does not cover loss arising from injuries or death caused by any draught or any driving animal or any vehicle, or by any person while in charge thereof."

We are inclined to concur in defendant's position that though the truck that caused the injury was being, at the time, driven by a lineman whose compensation appears in the schedule, the case is withdrawn from the policy under the closing clause, which excepts "Drivers"—from the schedule—and more especially as it appears from the facts agreed that the automobile trucks of plaintiff company were habitually operated by linemen or other employees of the company. But conceding that this might present an ambiguity to be resolved in favor of the insured, there can in our opinion be no question as to the effect and operation of subsection (5) of Exhibit "A" that withdraws from the policy, among others, all claims for injuries caused by "any vehicle or any person in charge thereof."

It will be borne in mind that this is a policy designed and intended to indemnify plaintiff against damages for injuries caused to third persons in the operation of the work in which the company is engaged, usually localized, and clearly is not intended to afford indemnity for injuries caused by operation of the company's vehicles in moving from place to place. So careful is defendant to stipulate against liability

of the latter kind that it appears in the two places. Excepting drivers from the enumerated schedule—thus bringing them under the effect of subsection (1), and again excepting claims for injuries caused by any vehicle or by "any person while in charge thereof."

We are not inadvertent to the position urged upon our attention by appellant that a policy, in case of ambiguity, should be construed more strongly against the company, but the principle does not extend to cases such as this, where a policy, explicit in terms and plain of meaning, withdraws a claim from its stipulations. As said by our late *Associate Justice Walker* in *R. R. v. Casualty Co.*, 145 N. C., 118:

"But while this salutary rule is well established, it is never enforced except in those cases to which it is strictly applicable, and which comes within its reason and purpose; and while we generally favor the insured, when the company, by the language of its own selection, has created a doubt as to what was meant, the rule will never be carried so far as to make a contract for the parties, different from what they have made for themselves; and it is not applicable when the intent and purpose has been clearly expressed, and their rights can, with certainty, be ascertained from the language as used. *Durand v. Insurance Co.*, 63 Vt., 437; Vance on Insurance, p. 593."

We find no error in the judgment of the court below and the same is
Affirmed.