CITY OF LEXINGTON v. HOME INDEMNITY COMPANY.

(Filed 27 February, 1935.)

**1. Insurance S a—Policy held to cover injuries to third persons in prosecution of business operations and not in maintenance of property.**

Plaintiff municipality was covered by a policy of indemnity insurance against injuries to third persons during the progress of business operations of the municipality in connection with its water-works and other municipal activities. A third person was injured when he stepped on a

storm sewer near a sidewalk in the city, and the city paid him damages under a consent judgment, and sought to recover the amount thereof from the insurer. There was no evidence that at the time of the accident the city was engaged in any business operations at the storm sewer: *Held,* the injury was not covered by the policy, maintenance of equipment and structures of the city not being covered by the policy, either by express language or by reasonable implication.

**2. Insurance E b—**

 While a policy of insurance will be construed liberally in favor of insured, it cannot be enlarged beyond its plain provisions and reasonable implications.

**3. Insurance S c—Insurer's request for extension of time to file answer held not to bind insurer to pay judgment against insured.**

 Insurer in a policy of indemnity insurance was advised by insured of an action for personal injury brought against insured. Insurer requested and obtained an extension of time for filing answer, but thereafter denied liability under the policy, and insured defended the suit and thereafter entered a consent judgment therein: *Held,* the request for an extension of time did not bind insurer to the payment of the judgment rendered against insured, insurer not being a party to the suit, and the request for extension of time having been made on behalf of insured.

CIVIL ACTION, before *Clement, J.,* at May Civil Term, 1934, of DAVIDSON.

On or about 11 March, 1932, R. L. Green brought suit against the city of Lexington, alleging that on 18 November, 1931, while walking along First Avenue in said city, on his way to his office, he stepped off the sidewalk to examine some maple trees growing and being about eight feet from the sidewalk. His purpose was to examine these trees to ascertain if there were any borers or bugs thereon. The line of maple trees extended for some distance along the avenue and there was a space of about eight feet between the trees and the sidewalk on which plaintiff was walking. When plaintiff stepped off the sidewalk into this space to examine the trees he stepped upon a storm sewer or basin, which he alleged was defective, causing him to fall and sustain serious and permanent injuries.

At the time the city had a policy of indemnity issued by the defendant in this action, indemnifying the municipality for damages for bodily injuries. A copy of the summons and complaint in the action was sent to the defendant. Thereafter, the attorneys for the indemnity company requested the attorney for the plaintiff Green an extension of time "of thirty days to file an answer to the complaint of plaintiff." This extension of time was granted. Thereafter, on 31 March, 1932, the indemnity company notified the city of Lexington that it would not defend the Green suit for the reason that the indemnity policy did not cover the injury.

The city of Lexington filed an answer in the cause, and the case proceeded to trial. At the February Term, 1934, a judgment was entered by consent, in which it was decreed that the plaintiff recover judgment against the defendant city of Lexington for the sum of $1,000, and the costs of this case, etc. The attorneys for both parties assented in writing to the judgment.

Thereafter, on 30 March, 1934, the city of Lexington instituted the present action against the indemnity company to recover $1,000 it had paid by virtue of the judgment to Green, and also to recover counsel fees paid in defending the Green litigation. The indemnity company filed an answer denying liability to the plaintiff upon the following grounds:

1. That no written notice had been given, as required by the policy of indemnity.

2. That the policy of indemnity did not cover the injury sustained by Green.

3. The policy provided that no action would lie against the company unless brought within two years after the ascertainment of the loss by agreement of the parties or "by judgment against the assured after a trial of the issues."

The policy was introduced in evidence, and it provides for payment of damages resulting from bodily injuries "by any person or persons not employed by the assured while within or upon the premises described in Special Condition 4, . . . or while otherwise about the work of the assured, and caused by reason of and during the progress of business operations described in Special Condition 4." Special Condition 4 referred to is substantially as follows:

(a) "Electric light and power companies—all operations," etc.

(b) "Water works—all operations," etc.

(c) "Street cleaning—including drivers' helpers and chauffeurs' helpers."

(d) "Garbage collecting—refuse and ashes," etc.

The evidence tended to show that the catch basin causing the injury to Green was designed to catch rain water falling on the street, and "to keep big trash from going in." It was cleaned out when trash had accumulated by the street force of the city, and is situated two or three feet from the sidewalk. It was maintained and operated by the city and the street-cleaning and garbage-collecting departments were charged with the duty of cleaning the streets and carrying away accumulated trash. The catch basin had been installed for a substantial period of time before the injury to Green, and was also used by the water and light department of the city for draining hydrants. The plaintiff Green in his testimony said: "I settled with the city of Lexington. I

received $1,000 in that, and that provision was that if the city was not covered by this policy, I was to reimburse them with $350. That was my offer to the city of Lexington, and they accepted it. . . . I got $1,000 and paid my attorney, but I was to get $500 in the event the insurance company did not have to pay."

At the conclusion of the evidence the trial judge sustained the motion of nonsuit, and the plaintiff appealed.

*P. V. Critcher and D. L. Pickard for plaintiff.*
*Don A. Walser for defendant.*

BROGDEN, J. The determinative questions of law are:

1. Does the indemnity policy cover the injury sustained by R. L. Green?

2. Did the request of defendant's attorney for an extension of time to file answer in the Green suit constitute a general appearance in the litigation, and thus bind the defendant to the payment of the judgment rendered?

The policy of indemnity covered bodily injuries "by any person or persons not employed by the assured while within or upon the premises described in Special Condition 4, . . . or while otherwise about the work of assured, and considered by reason of and during the progress of business operations described in Special Condition 4." Special Condition 4 covered: (a) "Electric light and power companies—all operations," etc.; (b) "water works—all operations," etc. The coverage for bodily injury to one not employed by the city was limited to such persons as were "about the work of the assured and caused by reason of and during the progress of business," etc. The evidence disclosed that neither the water works department nor light department of the city was engaged in any "business operation" at the time Green was injured. An examination of the wording of the policy does not lead this Court to the conclusion that said policy, either by express language or by reasonable implication, undertook to cover the maintenance of the equipment and structures of the city. While, of course, policies of insurance must be construed liberally in favor of coverage, the law does not permit a new contract to be made for parties in the guise of liberal construction. Therefore, the first question of law is answered in the negative.

In considering the second question of law, it is well settled that a request for time, made by a party to an action, nothing else appearing, constitutes a general appearance and waives irregularity or lack of service of process. Moreover, if a party makes a general appearance in a cause, he will be bound by the orders and decrees of the court duly

made therein. *Cook v. Bank,* 129 N. C., 149, 39 S. E., 746; *Scott v. Life Association,* 137 N. C., 515, 50 S. E., 221.

In the case at bar, however, the indemnity company was not a party to the suit of *R. L. Green v. City of Lexington.* It was not named in the summons. The policy of insurance stipulated that the defendant would make investigations and defend actions brought against the assured, the city of Lexington. Manifestly, when the attorneys for the defendant requested an extension of time to file answer to the complaint, such request was made for and in behalf of the city of Lexington. Moreover, as the defendant was not a party to the suit, the principles of law applicable to parties would not be available as a means of imposing liability upon the defendant for failure to pay the Green judgment.

Affirmed.