173 So. 7

### LOVEMAN, JOSEPH & LOEB v. NEW AMSTERDAM CASUALTY CO.

### 6 Div. 999.

Supreme Court of Alabama.

March 4, 1937.

Leader, Hill, Tenenbaum & Seedman, of Birmingham, for appellant.

Bowers & Dixon, of Birmingham, for appellee.

KNIGHT, Justice.

Suit by appellant—plaintiff in the court below—against appellee upon a public liability insurance policy.

The plaintiff stated its cause of action in two counts, each upon the policy contract. The pleading thereto was in short by consent. The trial resulted in verdict and judgment for defendant upon instructions of the court, given upon an agreed statement of facts.

The material provisions of the policy, omitting such as are not here in point, are:

"The New Amsterdam Casualty Company does hereby agree with the assured (Loveman, Joseph and Loeb) named in the schedule of statements, subject to the limitations and conditions hereinafter provided, as respects bodily injuries or death suffered, or alleged to have been' suffered as a result of any accident occurring while this policy is in force, by any person or persons not employed by the assured, by reason of the ownership, care and maintenance or the occupation and/or use of the premises for any business occupations described in the schedule of statements, (or by an employee of the assured if such injuries do not arise directly or indirectly out of or in the course of his employment by the assured, or in connection therewith, while within or upon the premises described in the schedule of statements, or

upon the sidewalks or other ways immediately adjacent thereto, or if caused by an employee of the assured elsewhere than upon the premises described in the schedule of statements in the course of his regular employment by the assured in connection with the business of the assured conducted on said premises:

"(1) To insure the assured, within the limits expressed in the schedule of statements against loss from the liability imposed by law upon the assured for damages on account of such injuries or death; * * *

"Subject to the following conditions:

"Condition A: This policy does not cover any accident; * * * (1) caused directly or indirectly by the possession, consumption, handling or use, elsewhere than upon the premises described in the schedule of statements, of any goods, article or produce, manufactured, handled or distributed by the assured unless covered hereunder by written permit endorsed on this policy."

Condition A quoted above is, and no doubt was intended as, a limitation upon the coverage of the policy, withdrawing claims there mentioned from the general stipulations of the policy, that is to say, narrows the general coverage of the policy to the extent of the excepted accidents.

■ It seems to be well settled that exceptions, "explicit in terms and plain of meaning," withdrawing a claim from the general stipulations of the policy, will be given effect. 5 Couch on Insurance, § 1165, p. 4088; Leaksville Light & Power Co. v. Georgia Cas. Co., 188 N.C. 597, 125 S.E. 123.

From the agreed statement of facts it appears that a Mrs. Thuss was a regular customer of the plaintiff, and was personally known to Mrs. Williamson, an employee of the plaintiff, who was engaged in selling its cosmetics, including preparations known as "Ardena Bronze" and "Sun Tan Oil"; and that this clerk had been so engaged for a period of five years preceding the occurrence complained of.

It further appears that on July 20, 1934, Mrs. Thuss went to the store of the plaintiff and called for Mrs. Williamson, and when this clerk appeared, Mrs. Thuss stated to her that she wanted some preparation to use to prevent sunburn, and Mrs. Thuss and this clerk then entered into a discussion as to the use of the preparation known as Ardena Sun Tan Oil. Sun Tan Oil is a preparation to be rubbed on the skin for the purpose of keeping it soft and "assuring a smooth, even color of tan while the person stays in the sun with the liquid on the skin."

After Mrs. Thuss was given detailed instructions as to the use of the Sun Tan Oil, she stated to the clerk she would take a bottle of it. However, the clerk sold and delivered to Mrs Thuss, by mistake, a bottle of Ardena Bronze, which was an entirely different preparation, applied in an entirely different manner and intended for an entirely different purpose. Ardena Bronze is a preparation used for the purpose of simulating sun tan and is not to be used in the sun and will not protect the skin from the sun.

After getting what she supposed to be Sun Tan Oil, Mrs. Thuss went out to the Warrior river, a distance of some 40 miles, where she had the preparation, which she thought was Sun Tan Oil, but which was in fact Ardena Bronze, applied to her body. After applying the preparation, she remained in the sun about 20 minutes.

As a result of the use of the Ardena Bronze Mrs. Thuss was severely burned and her skin greatly irritated, and was thereby caused to suffer the injuries catalogued in the agreed statement of facts.

It was further agreed that there was nothing inherently injurious in either Sun Tan Oil or Ardena Bronze, if used as directed.

Mrs. Thuss made claims against the plaintiff for damages, and plaintiff settled the claim, after due and full notice to the defendant, for $1,500. The defendant refused to defend the plaintiff against the claim of Mrs. Thuss, taking the position that it was not liable under the policy contract, in that the accident did not occur upon the premises of the assured described in the schedule of statements, but occurred some 40 miles distant from said premises.

In answer to this suit, the appellee took the same position in the court below, insisting that the accident was not within the coverage of the policy contract, as limited by condition A, paragraph 11, set out above. Appellee makes the same argument here.

Diligent counsel have not furnished us with any decision, wherein the question here presented was before the court. Our own efforts have not been rewarded by the finding of any such decision.

It is earnestly insisted by appellant that the accident must be held to have occurred when the clerk by mistake sold and delivered to Mrs. Thuss Ardena Bronze instead of Sun Tan Oil, and, therefore, in legal contemplation, it—the accident—must be regarded as occurring on the premises of the assured.

We can readily agree that a mistake was made' by the clerk on the premises of the assured, as described in the schedule of statements, but we cannot subscribe to appellant's further proposition that the accident, the happening of the event which produced the injuries, must be regarded, in law, as having occurred on the assured premises, when as a matter of fact the occurrence actually took place some forty miles away.

By the very plain, clear, and unambiguous terms of the policy contract it does not cover accidents—events happening— "caused directly or indirectly by the possession, consumption, handling or use, elsewhere than upon the premises described in the schedule of statements, of any goods, article or product manufactured, handled or distributed by the assured unless covered hereunder by written permit endorsed on this policy." And there was no such indorsement on the policy.

While it is true that insurance contracts are to be liberally construed to effectuate the intention of the parties, and in cases of doubt a contract will be construed most strongly against the party who framed it—the insurance company— yet it is the duty of the courts to construe it, not to make a contract for the parties.

No one doubts, we take it, that in the absence of statutory provisions to the contrary, insurance companies have the same right as individuals to limit their liability, and to impose whatever conditions they please upon their obligations not inconsistent with public policy; and the courts are without right to add anything to their contracts, or to take anything from them. 14 R.C.L. pp. 928, 929. Thus they have the right, in the absence of statutory provisions to the contrary, to write their contracts with narrow coverage, if they see proper to do so. There is no compulsion against either the assured or insurer. The assured may, or may not, as he sees proper, take the policy.

In the case of Life & Casualty Insurance Co. v. Whitehurst, 226 Ala. 687, 148 So. 164, 165, we reaffirmed the rule declared in Life & Casualty Ins. Co. of Tennessee v. Tollison, 223 Ala. 78, 134 So. 805, viz.: "We approve, as of course, the rule that insurance contracts may be and often are made with very limited coverage, the small premium fixed on careful calculation of the hazard assumed; and they should be enforced, not a new or enlarged contract made for the parties."

And we have repeatedly held it to be a cardinal rule, enforced everywhere, so far as we are advised, that, if the contract of insurance, in its terms, is plain, certain, and free from ambiguity, there is no room for construction, and it is imperative upon the court to enforce it as written. McGifford v. Protective Life Ins. Co., 227 Ala. 588, 151 So. 349; 13 Corpus Juris § 513, page 541; New York Life Ins. Co. v. Torrance, 224 Ala. 614, 141 So. 547.

A careful reading of the contract now before the court discloses no uncertainty or ambiguity in its terms. It speaks a language susceptible of easy understanding. A resort to construction is wholly unnecessary to determine its coverage—the risks and losses covered—and it is the plain duty of the court to enforce it as written, and not to rewrite it to meet the necessities of appellant's case.

It is certain the accident, with its resulting injury, was not caused directly or indirectly by the possession, consumption, handling, or use of the Ardena Bronze upon the appellant's premises described in the schedule of statements, and, not so occurring, there was, under the limitation clause of the policy, no liability upon the insurer. While not altogether in point, but as furnishing some analogy, see Graustein & Co. v. Employers' Liability Assurance Corporation, Limited, of London, 214 Mass. 421, 101 N.E. 1073.

The fact that Mrs. Thuss, under the evidence submitted in the case, had a cause of action against the appellant for the negligent act of its clerk, in delivering to her Ardena Bronze, instead of Sun Tan Oil, was not sufficient to fasten liability upon the assured under the policy sued on. It was not used upon the appellant's premises, nor did the accident occur on said premises. Hence the claim was not within the coverage of the policy.

It follows that under the agreed statement of facts, the defendant was due the general affirmative charge, and in giving

this charge the court below committed no error.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.