KATHERINE SANDERLIN v. LIFE AND CASUALTY INSURANCE COMPANY OF TENNESSEE.

(Filed 2 November, 1938.)

1. **Insurance § 38—Evidence held insufficient to show death by accidental means within coverage provision of policy.**

   Plaintiff beneficiary's evidence tended to show that insured died as a result of an accident occurring when the door of the car in which he was riding came open and insured fell or was thrown out of the car. *Held:* The death was not by accident within the coverage of a policy providing

for liability if insured should die by accident occurring by his being struck by an automobile, or by collision or accident to an automobile in which he was riding.

**2. Insurance § 13—**

An insurance contract must be construed as the parties have made it.

APPEAL by plaintiff from *Grady, J.,* at May Term, 1938, of CRAVEN. Affirmed.

Suit to recover upon an accident insurance policy. At the close of plaintiff's evidence, motion for judgment of nonsuit was allowed. Plaintiff appealed.

*M. S. Dunn and R. E. Whitehurst for plaintiff.*
*Barden & Stith for defendant.*

DEVIN, J. The plaintiff was the beneficiary named in a policy of accident insurance issued by the defendant on the life of Bill Sanderlin, Jr., son of plaintiff, aged six years. By the policy the defendant contracted, in consideration of the premium specified, to insure the person named in the policy against the result of bodily injuries received and effected solely by external, violent and accidental means, strictly in the manner and subject to all the provisions and limitations contained in the policy, the pertinent portions of which are as follows: If the insured shall suffer loss of life "by being struck by actually coming in physical contact with the vehicle itself and not by coming in contact with some object loaded or attached thereto, or some object struck and propelled against the person by said vehicle, which is being propelled by steam, . . . gasoline or liquid power, while the insured is walking or standing on a public highway; . . . or by collision of, or by any accident to, any private horse-drawn vehicle, private motor-driven automobile or motor truck inside of which the insured is riding or driving . . .; provided, that in all cases referred to in this paragraph there shall be some external or visible injury to and on the said vehicle of the collision, or accident."

The plaintiff's evidence tended to show that plaintiff and her husband, a daughter aged fifteen years, and the insured, Bill Sanderlin, Jr., were riding in a four-door automobile being driven by plaintiff's husband along the highway near Jacksonville, North Carolina. Plaintiff and her husband were on the front seat and the daughter and the insured were on the rear seat, the daughter being asleep at the time. The automobile was being driven at a speed of between forty and fifty miles per hour. By some means the rear door came open and the insured fell or was thrown out of the car, resulting in his death. Later, a dent or mark was discovered on the bowl of the rear fender.

It is apparent that the unfortunate death of the insured did not occur in any manner against which the defendant had contracted to insure. The injury was not within the terms of the policy. It did not occur by his being struck by an automobile while he was walking or standing on the highway, nor was it occasioned by collision of the automobile in which he was riding, nor by an accident to the automobile. We can only construe the contract as the parties have made it. *Whitaker v. Ins. Co.,* 213 N. C., 376; *Taft v. Casualty Co.,* 211 N. C., 507, 191 S. E., 10; *Gilmore v. Ins. Co.,* 199 N. C., 632, 155 S. E., 566; 14 R. C. L., 931.

The motion for judgment of nonsuit was properly sustained by the learned judge of the Superior Court, and the judgment is

Affirmed.