JOSEPH F. FORD v. NEW YORK LIFE INSURANCE COMPANY.

(Filed 14 October, 1942.)

**Insurance §§ 34a, 34c—**

In an action to recover total disability benefits under life insurance policies which provided that insured must be wholly disabled from engag-

ing in any occupation whatever for remuneration or profit, and such disability occurring before the anniversaries of the policies nearest plaintiff's sixtieth birthday, a nonsuit was properly granted, the evidence showing that insured was gainfully employed in his profession for more than a year and a half after his sixtieth birthday.

APPEAL by plaintiff from *Sink, J.*, at July Term, 1942, of BUNCOMBE.

This is an action instituted to recover total disability benefits provided in three certain life insurance policies. On 14 December, 1923, 12 January, 1924, and 2 December, 1926, the defendant issued to the plaintiff life insurance policies in the sums of $1,000.00, $1,000.00, and $2,000.00 respectively, in which the wife of the insured was made beneficiary, and the policies are still in effect, all premiums due thereon having been duly paid. Each policy contains a total and permanent disability provision, together with a clause waiving premiums in the event of the described disability. The disability clause is substantially the same in the three policies, and is as follows:

"1. Disability shall be deemed to be total whenever the insured is wholly disabled by bodily injury or disease so that he is prevented thereby from engaging in any occupation whatsoever for remuneration or profit. . . .

"3. Upon receipt at the Company's Home Office before default in payment of premium, of due proof that the insured is totally and presumably permanently disabled and that such disability occurred after the insurance under this policy took effect and before its anniversary on which the insured's age at nearest birthday is sixty years, the following benefits will be granted: (a) The company will pay to the insured a monthly income of $10 per $1000 of the face of the policy during his lifetime and continued disability. . . . (b) The company will waive payment of any premium falling due after approval of said proof and during such disability."

Notice of claim was duly filed by the plaintiff with the defendant in August, 1941, and suit was instituted in December, 1941.

At the close thereof the court sustained the defendant's demurrer to the evidence and entered a judgment as in case of nonsuit, C. S., 567, to which ruling and judgment the plaintiff preserved exception and appealed.

*J. G. Merrimon and H. Kenneth Lee for plaintiff, appellant.*
*Johnson & Uzzell for defendant, appellee.*

SCHENCK, J. This case poses the question: Was there sufficient evidence to be submitted to the jury upon the issue as to whether the plaintiff became totally and permanently disabled within the meaning of the

disability clause in the policies in suit before the anniversaries of the policies nearest the plaintiff's sixtieth birthday, namely, 28 October, 1939—that is, prior to 2 December, 1939, 14 December, 1939, and 12 January, 1940, respectively? We are constrained to answer in the negative.

The plaintiff's evidence, including his own testimony, was to the effect that he had practiced law continuously since 1905, and since that time he had had no other vocation, and that he continued to practice law until 1 June, 1941; that as a member of a firm he divided the fees thereof on a fifty per cent basis until the last mentioned date; that he received a net income from the practice of law alone for the year 1938 of $1,009.73, and for the year 1939 of $1,452.37, and for the year 1940 of $1,450.23; that early in 1941 plaintiff instituted suit against William Dudley Pelley for fees in the amount of $1,775.00 due him for professional services rendered—the plaintiff himself testifying that these services continued until October or November, 1940.

On the other hand, the plaintiff's evidence tended to show that he became ill in 1937, and was ill continuously from then until the present time, but that he was not advised as to the permanency of his illness until July or August, 1941; that he had cirrhosis of the liver, an incurable malady, which weakened his mental as well as his physical powers, and "he was quite a chronically ill man," and in the opinion of medical experts he was unable in 1937, 1938, 1939, and 1940, "to do and to perform the necessary acts in the practice of the profession of law with reasonable continuity or regularity"; that while he continued to go to his office the duties he performed there were limited in their scope, and that many of the legal documents he undertook to prepare had to be revised or rewritten by other members of his firm.

Notwithstanding the apparent conflicts in the evidence, it appears beyond question that the plaintiff reached the age of sixty years on 28 October, 1939, and that thereafter he continued to engage in the practice of law until 1 June, 1941, and actually received a substantial net income therefrom during his sixty-first year. These uncontroverted facts, appearing from his own testimony, prevent the plaintiff from coming within the provisions in the policies that the disability must occur before the anniversary of the policy nearest the insured's sixtieth birthday to entitle him to the disability benefits. Such facts, irrespective of some conflicts in the evidence as to other facts, bar as a matter of law any recovery by the plaintiff upon the policies in suit. It is not "so nominated in the bond." It is ours to interpret the policies as written, and not to rewrite them.

The case is governed by *Thigpen v. Ins. Co.,* 204 N. C., 551, 168 S. E., 845, where the action was bottomed upon a similar clause in an insur-

ance policy after the death of the insured. It is there written: "The ultimate question is whether the infirmities and disabilities of the insured wholly prevented him 'from pursuing any occupation whatsoever for remuneration or profit.' Must such a question be submitted to a jury, or upon admitted facts, is it a question of law for the court? Ordinarily, such questions must be submitted to a jury, but in the case at bar it is admitted that from January until June, a few days prior to his death, the insured received $40.00 per month as compensation for his services as court crier for the county court of Pitt County. It is true that physicians and many other prominent citizens of the community testified that the insured was neither physically nor mentally capable of discharging such duties. Nevertheless it is beyond question that the services of the court crier were satisfactory to the public authorities, because they actually paid him his monthly stipend of $40.00. The law is designed to be a practical science, and it would seem manifest that a plain, every-day fact, uncontroverted and established, ought not to be overthrown by the vagaries of opinion or by scientific speculation."

Again it is said in *Medlin v. Ins. Co.*, 220 N. C., 334, 17 S. E. (2d), 463: "This Court has frequently construed total and permanent disability clauses in life insurance policies to mean that the insured cannot recover disability benefits if he is able to engage with reasonable continuity in his usual occupation or in any occupation that he is physically and mentally qualified to perform substantially the reasonable and essential duties incident thereto. This rule of law has been given application to the extent of denying benefits to an insured who, though suffering from a severe disability, continues to work at a gainful occupation."

See, also, the recently decided case of *Jenkins v. Ins. Co., ante*, 83, wherein *Winborne, J.*, collects the authorities.

Upon a consideration of the entire record, the Court is of the opinion that the trial judge ruled correctly.

Affirmed.