### E. A. RAY v. THE HOSPITAL CARE ASSOCIATION, INCORPORATED.

(Filed 26 November, 1952.)

**1. Insurance § 13a—**

Where a contract of insurance does not contravene public policy or positive law and the language employed is plain and unambiguous, the court must construe and enforce the contract as it is written, regardless of whether such action works hardship on the one party or the other.

**2. Insurance § 38—**

Where both the policy of hospital care insurance and the agreement for reinstatement after its lapse for nonpayment of premiums stipulate that the policy as reinstated should not cover subsequent hospitalization for a physical condition existing prior to reinstatement, such provision is not in contravention of public policy or positive law and must be enforced to exclude liability of insurer for hospitalization as a result of a physical condition existing prior to the date of reinstatement.

PARKER, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Burgwyn, Special Judge,* at March Term, 1952, of MECKLENBURG.

Civil action upon a hospital and medical care certificate tried in the Superior Court upon the appeal of the defendant from an adverse judgment of a justice of the peace.

After the appeal had been docketed in the Superior Court, the parties agreed upon the facts and submitted the cause to the presiding judge upon a case agreed. The essential facts appear in the numbered paragraphs set forth below.

1. The defendant, the Hospital Care Association, Incorporated, is a nonprofit hospital service corporation which issues hospital and medical care certificates for stipulated dues.

2. On 1 November, 1947, the defendant issued to the plaintiff, E. A. Ray, a hospital and medical care certificate providing for payment by the defendant of specified amounts to hospitals and physicians furnishing hospital and medical services to the plaintiff, or his wife, Ethel F. Ray, or his daughter, Joyce Anne Ray.

3. The certificate was issued in consideration of quarterly dues of $12.00 payable in advance, and specified that all rights under it should be immediately forfeited by a "failure to make payment of dues on or before (their) due date."

4. Section XI of the certificate contained these relevant provisions respecting lapses and reinstatements: "Any . . . certificate which shall have terminated in any manner or for any cause may be reinstated by this Association, in its sole discretion, upon such terms and conditions as it may determine; and . . . the Association shall not be liable for a condition that existed or had its inception prior to the date of the application for reinstatement unless the facts relating to such condition shall have been set forth in such application for reinstatement."

5. The certificate lapsed because of the plaintiff's failure to pay the quarterly dues which became due on 1 November, 1949.

6. Subsequent to that event, to wit, on 15 December, 1949, the plaintiff applied to the defendant in writing for reinstatement of the certificate. The application stated that the reinstatement of the certificate, if permitted by the Association, should be upon the terms and conditions set forth in Section XI of the certificate; that the plaintiff understood that the Association should not be liable for a condition that existed or had its inception prior to the date of the application for reinstatement unless the facts relating to such condition were set forth in the application; and that the plaintiff, his wife, and daughter were in good health and free from conditions which might require hospital or medical care. The plaintiff tendered to the defendant with his application for reinstatement the sum of $12.00 to be applied to the payment of dues for the quarter beginning on 1 November, 1949, in the event the defendant reinstated the certificate.

7. On 16 January, 1950, the defendant approved the application of the plaintiff for reinstatement of the certificate "effective November 1, 1949, subject to the provisions of . . . (the) . . . certificate"; notified the plaintiff of that fact, and "invited . . . (his) . . . attention" to the provisions of the certificate relating to the reinstatement of a lapsed certificate; and applied the $12.00 tendered by the plaintiff to the dues for the quarter beginning 1 November, 1949.

8. Subsequent to the reinstatement of the certificate, to wit, from 17 July to 2 August, 1950, the plaintiff's wife required and received hospital and medical care for conditions that existed prior to 15 December, 1949, the date of the application of the plaintiff for the reinstatement of the certificate.

9. The defendant disclaimed all liability under the certificate for the expenses of the hospital and medical care furnished to the plaintiff's wife for the conditions specified in the preceding paragraph. As a consequence of this disclaimer, the plaintiff was compelled to pay such expenses himself. He thereupon brought this action against the defendant to compel it to reimburse him for his outlay on the theory that the defendant was liable for the expenses under the contract embodied in the certificate

and that its denial of liability for them constituted a breach of such contract. The plaintiff and the defendant agree that "the plaintiff is entitled to recover . . . the sum of $197.00 plus the court costs . . . in this action . . . if . . . (he) . . . is entitled to recover" at all.

When the cause was heard upon the case agreed, the judge rendered a judgment in favor of the plaintiff and against the defendant for $197.00 with interest and costs, and the defendant excepted and appealed, assigning the entry of such judgment as error.

*Charles Truett Myers and John F. Ray for plaintiff, appellee.*
*Claude V. Jones for defendant, appellant.*

ERVIN, J. The appeal presents this single question: Did the contract between the plaintiff and the defendant obligate the defendant to make payments for hospital and medical care received by the plaintiff's wife subsequent to the reinstatement of the certificate for conditions that existed prior to the date of the application for reinstatement?

This rule is well settled: Where a contract of insurance does not contravene public policy or positive law and the language employed in it is plain and unambiguous, the court must construe and enforce the contract as it is written, regardless of whether such action works hardship on the one party or the other. *Electric Co. v. Insurance Co.,* 229 N.C. 518, 50 S.E. 2d 295; *Indemnity Co. v. Hood,* 226 N.C. 706, 40 S.E. 2d 198; *Bailey v. Insurance Co.,* 222 N.C. 716, 24 S.E. 2d 614, 166 A.L.R. 826; *Ford v. Insurance Co.,* 222 N.C. 154, 22 S.E. 2d 235; *Person v. Tyson,* 215 N.C. 127, 1 S.E. 2d 367; *Sanderlin v. Insurance Co.,* 214 N.C. 362, 199 S.E. 275; *Whitaker v. Insurance Co.,* 213 N.C. 376, 196 S.E. 328; *Roberts v. Insurance Co.,* 212 N.C. 1, 192 S.E. 873, 113 A.L.R. 310; *Lexington v. Indemnity Co.,* 207 N.C. 774, 178 S.E. 547; *Jolley v. Insurance Co.,* 199 N.C. 269, 154 S.E. 400; *Gant v. Insurance Company,* 197 N.C. 122, 147 S.E. 740; *McCain v. Ins. Co.,* 190 N.C. 549, 130 S.E. 186; *Power Co. v. Casualty Co.,* 188 N.C. 597, 125 S.E. 123; *Penn v. Insurance Co.,* 158 N.C. 29, 73 S.E. 99, 42 L.R.A. (N.S.) 593.

The contract between the plaintiff and the defendant does not contravene public policy or positive law. It is evidenced by both the certificate itself and the agreement of the parties reinstating the certificate subsequent to its lapse. The certificate and the agreement declare in plain and unambiguous language that the defendant "shall not be liable for a condition that existed or had its inception prior to the date of the application for reinstatement unless the facts relating to such condition shall have been set forth in such application for reinstatement." The case agreed shows that the expenses involved in this litigation were incurred for hospital and medical care furnished the plaintiff's wife subsequent to the

reinstatement of the certificate for conditions that existed prior to the date of the application for reinstatement, and that the facts relating to such conditions were not set forth in the application for reinstatement.

These things being true, the contract between the plaintiff and the defendant explicitly and plainly exempts the defendant from liability on the claim now asserted by the plaintiff.

This conclusion necessitates a reversal of the judgment. The plaintiff has no just cause for complaint because it is axiomatic in the law of contracts that "as a man consents to bind himself, so shall he be bound." *Whitaker v. Insurance Co., supra.*

The judgment is
Reversed.

PARKER, J., took no part in the consideration or decision of this case.