[No. 25988.   Department One.   February 28, 1936.]
MONTLAKE DRUG COMPANY, *Respondent*, v. MARYLAND
CASUALTY COMPANY OF BALTIMORE, MARYLAND,
*Appellant*.[1]

*Roy E. Bigham,* for appellant.
*Poe, Falknor, Falknor & Emory,* for respondent.

MITCHELL, J.—This is an action by the Montlake
Drug Company, Inc., on an insurance policy issued
by the Maryland Casualty Company of Baltimore,
Maryland, a corporation, to recover the amount the
drug company paid in settlement of a claim and suit
by one Evangeline Van Ness against the drug com-
pany by reason of the negligence of an employee of
the drug company while riding a bicycle that collided
with and injured her.   The employee at the time of
the accident was traveling on a street away from the
premises of the drug company and engaged in deliver-
ing merchandise for the drug company.

The drug company was a named assured in the pol-
icy, and it is not contended that the policy does not

[1]Reported in 54 P. (2d) 1009.

indemnify the drug company against loss occasioned by the accident in question, unless the accident was one that was not covered by the policy by reason of one of its provisions, as follows:

"(6) This policy does not cover any accident caused directly or indirectly by any automobile vehicle or by any draught or driving animal or vehicle owned or used by the Assured or by any employee of the Assured in charge thereof, unless such accident shall occur upon the premises specifically described in Item IV (a) of the Schedule hereof or on the public ways immediately adjacent thereto;"

Notwithstanding the agreement on the part of the casualty company, found in the policy, to defend in the name of the assured any claim, suit or other proceeding against the assured on account of accidental injuries, the casualty company, upon due notice to it, declined to defend in the action of Evangeline Van Ness against the drug company, claiming that its policy did not cover the accident because of the above quoted exception "(6)", contained in the policy. That was the defense of the casualty company in the present action, but the superior court held otherwise, and the casualty company has appealed from a judgment upon findings and conclusions in favor of the drug company and against the casualty company.

The assignments of error present the single question as to whether a bicycle is a vehicle within the meaning of this clause of the policy. The argument on behalf of the appellant is "that the term 'vehicle' includes all classes of vehicles;" that is, the word "vehicle," used the second time in the provision that the policy does not cover any accident caused by any "automobile vehicle or by any draught or driving animal or vehicle, etc.," includes "all classes of vehicles." If so, why use at all in that connection and sentence the words *"automobile* vehicle"? In our

opinion, the exception or non-covering provision in the policy is confined to accidents caused by vehicles which may be spoken of as two general kinds: (1) Automobile vehicles, and (2) vehicles moved by draught or driving animals, as to which latter class it is immaterial whether the accident is caused by the animal or the vehicle. A bicycle is not included in the language of the policy upon which the appellant seeks to escape liability.

The judgment in the case follows the correct expression or conclusion of the trial judge

". . . that at the time of said accident he [the plaintiff's employee] was engaged in the delivery of plaintiff's goods to its customers, and at the time of the accident he was not operating any automobile vehicle or any draught or driving animal or vehicle owned or used by the Assured or by any employee of the Assured in charge thereof which either directly or indirectly caused the accident."

That interpretation of paragraph (6) of the policy was correct.

Judgment affirmed.

MILLARD, C. J., TOLMAN, STEINERT, and GERAGHTY, JJ., concur.