5 So.2d 618
**BANK FOR SAVINGS & TRUSTS v. UNITED STATES CASUALTY CO. et al.**

6 Div. 880.

Supreme Court of Alabama.

Jan. 15, 1942.

162

W. Marvin Woodall, of Birmingham, for appellant.

J. P. Mudd, of Birmingham, for appellees.

FOSTER, Justice.

The question in this case is a controversy between the parties to a liability insurance contract, which covers liability for certain claims, but with the exception that it shall "not cover any accident caused by any driving animal, automobile or any other vehicle or any person while in charge of such animal or vehicle elsewhere than upon the premises described."

There was an accident caused by operating a bicycle not upon the premises described, for which complainant is being sued. Does the policy except from the coverage an accident caused by such operation?

There are three distinct aspects to the exception clause which we have copied. As we construe this clause it excepts any accident caused by (1) "any driving ani-

nal," (and this is not dependent upon whether a vehicle was used or not); or by (2) an "automobile or any other vehicle"; or by (3) "any person while in charge of such animal or vehicle." A bicycle could only be included in division No. 2, supra, if at all. It is not a driving animal: it is not a person in charge of such animal or vehicle. Therefore the specific inquiry is whether a bicycle is another vehicle as is used in division No. 2.

■■ The principle of ejusdem generis is invoked as an aid in solving this inquiry. It is but an aid, and not an iron-bound rule. It has a distinct well-known significance, and it must be understood to have been known to the one who drafted this policy. There is no controversy as to its meaning. It is that when the policy (here) is (1) ambiguous, and (2) it is to be strictly construed against the insurer, and (3) when there is an enumeration of a particular class of things followed immediately by general words descriptive of a class which might add things of the same general nature or things not of the same general nature, the general words are restricted to a sense analogous to that of the less general, when the meaning is not otherwise clear, and to do so would observe the duty of strict construction required. 59 Corpus Juris 981; State v. Western Union Tel. Co., 196 Ala. 570, 72 So. 99; St. Paul Fire & Marine Ins. Co. v. American Compounding Co., 211 Ala. 593, 100 So. 904, 35 A.L.R. 1018; North American Acc. Ins. Co. v. Pitts, 213 Ala. 102, 104 So. 21, 40 A.L.R. 1171.

■ The contract is admittedly to be strictly construed against the insurer, whose interest it is to have the exception include a bicycle as another vehicle as there stipulated. So that we inquire (1) whether there is ambiguity, and (2) whether the term "automobile" as there used is the enumeration of a particular class of motor vehicles, or whether it is a general term there intended to include all motor vehicles, so that the added phrase "or any other vehicle" should refer to vehicles not self-propelling by motor.

The clause is not so carefully drawn as to have but one distinct meaning. A skillful careful person drawing it could have used language which would have been beyond the realm of reasonable controversy. If he had intended to except "all vehicles of any kind whatsoever," and had wished to make a clear exact stipulation to that effect, he would have used those or similar words and need not have mentioned automobiles, bicycles, wagons, or any other kind of vehicle. If he had intended to except "motor vehicles" and no other kind of vehicles, such skillful careful draftsman would have used substantially those words, without adding "or any other vehicle." In either event, there would have been no reasonable ground for controversy. But knowing the principle of ejusdem generis, he uses the term automobile followed by a more general designation.

But it is said that the principle has no application unless without it there is ambiguity. However there is ambiguity, if the term automobile as there used is one of particular designation, for it would then be uncertain to what the general words which followed referred, and the ambiguity would invoke the principle of ejusdem generis against the insurer, since he drafted the policy and was writing an exception rather than the coverage itself. If automobile as there used was intended to be general and to mean all motor vehicles, the additional words "or any other vehicle" would doubtless include bicycles as well as automobiles already mentioned, though it would be a tautology.

■ It is sometimes said that automobile is a general term, and means a self-propelling vehicle. 42 Corpus Juris 609, Note 16. In Webster's New International Dictionary (1935), it is defined as "a self-propelling vehicle suitable for use on a street or roadway. In British usage, they are called motor cars. In America, they are commonly called cars." In the New International Encyclopaedia (1930) is the following: "Automobile. In its first uses, it was applied only to pleasure vehicles or carriages * · * * (but there has been) an enormous extension of the principle of motor propelled vehicle outside its first uses in pleasure carriages. The commercial uses (etc) have made the term 'motor vehicle', 'motor car', or 'motor truck', much more expressive and correct. * * * The British never welcomed the term automobile but have adopted the term 'motor car' for the pleasure vehicle or passenger carriage. American practice and terminology is turning in the same direction." Again in 42 Corpus Juris 609 (note 18), it is said that "in its early stages it was restricted to self-propelled vehicles

used for the transportation of passengers, it is now (1927) the general name which has been adopted by popular approval for all forms of self-propelled vehices for use on highways and streets for the conveyance of passengers or material," citing American LaFrance Fire Engine Co. v. Riordan, 2 Cir., 6 F.2d 964, 967. In that case the question was whether a self-propelled fire engine was an automobile under a federal taxing act relating to "all automobiles, automobile trucks, automobile wagons and motor cycles." The Circuit Court of Appeals observed: "The dictionary definitions such as the Encyclopedia Americana, copyrighted 1918, says that 'by far the larger number of all automobiles in use are employed for the transportation of persons, but the percentage used mainly for the transportation of goods is steadily increasing. * * * From these facts it follows that the automobile intended for the transportation of persons and driven by means of gasoline burned in an automobile engine is the dominant type. It is to this type that the word automobile is applied without the use of additional qualifying terms.' "

We emphasize the quotation from the Encyclopedia Americana, where it is said "that the automobile is intended for the transportation of persons and driven by means of gasoline burned in an automobile engine is the dominant type. (And) It is this type that the word automobile is applied without the use of additional qualifying terms." All of this was in the books when that policy was drafted, and presumably known to the draftsman. Yet he used the term automobile without additional qualifying terms.

 It is our judgment that the clause in question is ambiguous, in that the term automobile could reasonably have reference only to that type of self-propelled vehicle which is intended for the transportation of persons, excluding motor trucks, motor busses, and hearses and ambulances, fire engines and tractors. (Many other forms of self-propelled vehicles are in use.) Or the term could reasonably include every sort of such vehicle. And since it is ambiguous, it must be strictly construed against the insurer. When so, it must be held to refer to that type of self-propelled vehicles by the use of a motor intended for the transportation of persons. Upon that theory, the clause in question is the enumeration of a particular class of things followed immediately by general words descriptive of a class which adds things of the same general nature. All doubt and ambiguity as to whether the exception should be limited to that type of automobile which is used to transport persons is removed by declaring that the exception includes any other vehicle. It may therefore mean for our present purposes "automobiles or any other self-propelled motor vehicle used on highways or streets for the carriage of persons or material." If that is its meaning, the exception does not include a bicycle propelled by its rider, and the policy covers the liability here in controversy. We think that is the proper construction to be given it.

This is a suit under the Declaratory Judgments Act, now Code of 1940, Title 7, Article 12, section 156 et seq. The trial court declared that the policy does not cover the liability claimed by the operation of a bicycle, for which suit was pending against complainant, and that the insurer was not obligated to defend the suit. We are not in agreement with that construction of the policy and hold that it does protect appellant from such liability to the limit and on the terms specified in it. A decree so declaring is therefore here made and entered.

Reversed and rendered.

GARDNER, C. J., and THOMAS and BROWN, JJ., concur.