43 So.2d 1

### BALTIMORE AMERICAN INS. CO. OF NEW YORK v. REYNOLDS.

#### 6 Div. 831.

Supreme Court of Alabama.

Oct. 6, 1949.

As Modified on Denial of Rehearing Nov. 25, 1949.

Jos. S. Mead, Birmingham, for appellant.

Boutwell, Pointer & Hawkins, Birmingham, for appellee.

SIMPSON, Justice.

This appeal presents the question of whether a motorcycle is included in the coverage of a policy of insurance against theft issued by appellant, the insurer, to the appellee, who was a used car dealer.

The form of the policy was an "Automobile Dealers' Open Policy Monthly Reporting Form," which designated no specific type of vehicle. The specified coverage is embodied in Section 1 of the insuring clause and Article 10 of the conditions.

Section 1 provides: "The Policy designated below covers automobiles owned by the insured and held for sale or used in repair service, or as demonstrators," etc.

Had there been no other qualifying or defining terms of the policy then, under the strict letter of the policy, without considering other circumstances in connection with its processing and maintenance, by the weight of authority a motorcycle would not have been within its coverage. Bullard v. Life & Casualty Ins. Co., 178 Ga. 673, 173 S.E. 855; Moore v. Life & Casualty Ins. Co., 162 Tenn. 682, 40 S.W. 2d 403; Deardorff v. Continental Life Ins. Co., 301 Pa. 179, 151 A. 814; Landwehr v. Continental Life Ins. Co., 159 Md. 207, 150 A. 732, 70 A.L.R. 1249; Neighbors v. Life & Casualty Ins. Co., 182 Ark. 356, 31 S.W.2d 418; Anderson v. Life & Casualty Ins. Co., 197 N.C. 72, 147 S.E. 693; Colyer v. North American Acc. Ins. Co., 132 Misc. 701, 230 N.Y.S. 473; Perry v. North American Acc. Ins. Co., 104 N.J.L. 117, 138 A. 894; Laporte v. North American Acc. Ins. Co., 161 La. 933, 109 So. 767, 48 A.L.R. 1086. Contra, however, see Bolt v. Life & Casualty Ins. Co., 156 S.C. 117, 152 S.E. 766; Koser v. American Casualty Co., 162 Pa.Super, 63, 56 A.2d 301. For general annotation see 48 A.L.R. 1086; 70 A.L.R. 1249.

But Article 10 may be construed as enlarging the meaning of the term "automobile" from its ordinary and popular sense to its generic meaning, so as to include any motor vehicle as that term is generally used, including a motorcycle. It reads:

"10. Automobile Defined; Trailers; Two or more Automobiles

"Except where specifically stated to the contrary, the word 'automobile' wherever used in this policy shall mean the motor vehicle, trailer or semi-trailer described in this policy. The word 'automobile' shall also include its equipment and other equipment permanently attached thereto. The word 'trailer' shall include semitrailer.

"When two or more automobiles are insured hereunder, the terms of this policy shall apply separately to each and a motor vehicle and a trailer or trailers attached thereto shall be held to be separate automobiles as respects limits of liability, including any deductible provisions."

We think it not unreasonable, from a consideration of the last above-quoted provision, that the policy may be construed as including "motor vehicles, trailers and semitrailers" within the term "automobiles" in the insurance coverage. The term "motor vehicle," of course, includes a motorcycle, 60 C.J.S., Motor Vehicles, §§ 6, 1a, pages 115, 110, and the "automobiles" —or its synonym within the terms of the policy, "motor vehicles"—are those motor vehicles owned by the insured and "held for sale or used in repair service or as demonstrators" upon which premiums are paid. The motorcycle in suit was owned by the insured for resale, stored on the lot of the insured, and the premiums were paid monthly thereon for several months and until it was stolen. We think it reasonable that said motor vehicle be regarded as within the intended coverage.

That the insurer intended to include all such "motor vehicles" within the term "automobiles" is, it is plausibly argued, made more manifest by the second paragraph of Article 10, above, where, after providing in the first paragraph that the word "automobile" shall mean "motor vehicle, trailer" etc., it is stated: "When two

106

or more automobiles are insured hereunder, the terms of this policy shall apply separately to each and *a motor vehicle and a trailer or trailers* attached thereto shall be held to be *separate automobiles* as respects limits of liability, including any deductible provisions." (Emphasis supplied.)

Thus may be deduced the interpretation that the policy defines each motor vehicle and trailer as a separate automobile.

It is our conclusion, therefore, that since the coverage provisions of the policy may be so construed, thereby at least casting doubt as to their true meaning, it was the duty of the court, as was so adjudged, to adopt the interpretation to sustain the liability. Provisions of an insurance policy of doubtful import will be so construed and resolved in favor of the insured. The courts will adopt that construction which is most favorable to him and against the insurer. Bank for Savings & Trusts v. U. S. Casualty Co., 242 Ala. 161, 5 So.2d 618; cases in 12 Alabama Digest, Insurance, ☞ 146(3).

We have taken particular notice of the Bank for Savings & Trusts case, supra, since the rationale underlying that decision is to a degree pertinent here. There the court was interpreting an exception in a liability policy which excluded therefrom liability for any accident caused by "an automobile or any other vehicle." In resolving the question of whether an accident suffered while operating a bicycle was within the exception, and invoking the rule of ejusdem generis and strict construction against the insurer of ambiguous provisions and exceptions in an insurance policy, the court soundly concluded that the bicycle was not within the exception. After noting the variable meaning of automobile and reviewing to some extent the history and conflict of definitions of the term "automobile," the court concluded: "It is our judgment that the clause in question is ambiguous, in that the term automobile could reasonably have reference only to that type of self-propelled vehicle which is intended for the transportation of persons, excluding motor trucks, motor busses, and hearses and ambulances, fire engines and tractors. (Many other forms of self-propelled vehicles are in use.) Or the term could reasonably include every sort of such vehicle. And since it is ambiguous, it must be strictly construed against the insurer. When so, it must be held to refer to that type of self-propelled vehicles by the use of a motor. intended for the transportation of persons. Upon that theory, the clause in question is the enumeration of a particular class of things followed immediately by general words descriptive of a class which adds things of the same general nature. All doubt and ambiguity as to whether the exception should be limited to that type of automobile which is used to transport persons is removed by declaring that the exception includes any other vehicle. It may therefore mean for our present purposes 'automobiles or any other self-propelled motor vehicle used on highways or streets for the carriage of persons or material.' If that is its meaning, the exception does not include a bicycle propelled by its rider, and the policy covers the liability here in controversy. We think that is the proper construction to be given it." 242 Ala. at page 164, 5 So.2d at page 620.

Giving application to the foregoing principle of construing ambiguous clauses against the insurer, this decision impresses us as somewhat conclusive on the issue that the stolen motorcycle must be regarded as within the coverage of the policy. If the bicycle in that case, under the rule of strict construction against the insurer, did not come within the exception of an "automobile or any other vehicle," a motorcycle—a motor vehicle—could not rightly be excepted, under the same rule, from the coverage of "automobiles" as defined in the policy here.

This result is attained from a construction of the terms of the policy within its four corners and is determinative. It, therefore, becomes unnecessary to consider the proposition advanced by the appellee that the broker who sold the policy to the appellee later became the agent of both parties by the manner of the monthly processing or servicing of the policy, the inspection of the property insured and the collection of the premiums thereon by said

broker and his agreement with the insured that motorcycles were included in the coverage, and that such proof would bear probatively on the intention of the parties as regards its ambiguous terms. Cf. Bolt v. Life & Casualty Ins. Co., supra, 156 S.E. 117, 152 S.E. 766, 769.

We are in accord with the conclusion reached by the trial court.

Opinion corrected on rehearing and affirmed.

BROWN, FOSTER, and LAWSON, JJ., concur.