JOHNSON, Respondent, *v.* CONTINENTAL CAS. CO., Appellant.

No. 9200.

Submitted October 14, 1953. Decided November 24, 1953.

263 Pac. (2d) 551.

Murphy, Garlington & Pauly, Sherman V. Lohn, Missoula, for appellant.

Walter T. Murphy, Superior, for respondent.

Mr. Lohn and Mr. Murphy argued orally.

MR. JUSTICE ANGSTMAN:

This is an action to recover on a policy of insurance. The case was tried on an agreed statement of facts showing that Wade W. Johnson was injured on December 9, 1949, when a caterpillar tractor which he was driving overturned; he died

from the injuries so sustained; the tractor was used in skidding saw logs from the place where felled in the woods to the roadway where they could be loaded on motortrucks and hauled to the saw mill; there was in full force and effect an accident policy issued by defendant. Plaintiff, as administratrix, brought this action on the policy which resulted in judgment in her favor. Defendant has appealed from the judgment.

Section C (a) of the insurance policy reads: ''Injuries coming within provisions of Section C of this part, are those sustained in consequence of: (a) The wrecking of any private pleasure type automobile or animal drawn vehicle within which the assured is driving or riding as a passenger, or the wrecking of any private commercial automobile, motor-driven car, truck, wagon or animal-drawn vehicle (excluding motorcycles and farm machinery) within which the insured is driving or riding and while being used for transporting merchandise for a business purpose (provided the insured is not operating any such vehicle while carrying passengers for hire), or being accidentally thrown from such automobile, car or vehicle while so riding or driving.''

The determinative question on the appeal is whether a caterpillar tractor is a motor-driven car or truck within the meaning of the policy of insurance. The district court answered in the affirmative and we think correctly.

In interpreting the policy of insurance the district court, as well as this court, shall resolve uncertainties and ambiguities in the policy against the insurer since it is responsible for the form of the contract. R. C. M. 1947, sec. 13-720; McDonald v. Northern Benefit Ass'n, 113 Mont. 595, 131 Pac. (2d) 479. When the contract is so interpreted we are led to the conclusion reached by the trial court.

The contract used the terms ''private commercial automobile,'' and ''truck'' and it is evident that by the use of the all-inclusive term ''motor-driven car'' the parties intended something more than what is usually denominated an automobile or a truck. This is further evidenced by the clause '' (excluding motorcycles and farm machinery)''. The only reasonable excuse for this

exclusion clause is that without it the parties intended that motorcycles and all forms of motor-driven farm machinery would be included within the comprehensive classification of "motor-driven cars [or] trucks." Had defendant desired to exclude any other motor-driven vehicle than motorcycles and farm machinery it should have done so expressly. Koser v. American Cas. Co. of Reading, 162 Pa. Super. 63, 56 A. (2d) 301; Hoover v. National Cas. Co., 236 Mo. App. 1093, 162 S. W. (2d) 363; Snader v. London & Lancashire Ind. Co. of America, 360 Pa. 548, 62 A. (2d) 835; Aetna Life Ins. Co. of Hartford, Conn., v. Bidwell, 192 Tenn. 627, 241 S. W. (2d) 595.

The judgment is affirmed.

MR. CHIEF JUSTICE ADAIR, and ASSOCIATE JUSTICES BOTTOMLY, FREEBOURN and ANDERSON, concur.