96 So.2d 708

**NATIONAL CASUALTY COMPANY**

v.

**Raymond P. THOMPSON.**

**6 Div. 437.**

Court of Appeals of Alabama.

Aug. 13, 1957.

See also 264 Ala. 1, 84 So.2d 364.

Jackson, Rives, Pettus & Peterson, Birmingham, for appellant.

Davies & Williams, Birmingham, for appellee.

CATES, Judge.

This is an appeal from a judgment for $814.69 in Thompson's favor based on a verdict after the trial judge had given the affirmative charge with hypothesis for him as plaintiff in an action on an accident insurance policy insuring him against "loss of time" from total or partial disability, i. e., loss "resulting solely from bodily injuries effected directly and independently of all other causes, by the happening of an External, Violent and Accidental event, *while* insured (Thompson) is operating, driving, riding in, demonstrating, adjusting or cranking an automobile." (Italics supplied.)

The policy under Paragraph G(4) states:

"Motorcycles, farm machinery and fire apparatus are excluded as automobiles under this policy."

The giving of the affirmative charge for the plaintiff and the refusal of a converse instruction for the defendant are National Casualty Company's two assignments of error.

The plaintiff's evidence was that on April 8, 1953, while the policy was in force, he was working as a warehouse foreman for Alabama Highway Express Company. He was operating a "Hyster" fork lift truck, a four-wheeled vehicle propelled by an internal combustion engine using gasoline for its motor fuel. It had hydraulic brakes. It is geared to two speeds forward and two speeds in reverse. Power goes, as in most other gasoline motor vehicles, from the engine to a transmission thence to the wheels via the differential. The wheels are on pneumatic tires, and there is a seat for the operator placed immediately behind a steering wheel upon a vertical column. The forward end has a hoisting apparatus connected to two flat steel prongs resembling tines of a fork. The hoisting arrangement permits the operator to approach a pallet holding a shipment of packages, and with the tines inserted between the floor (or ground) and the bed of the pallet, he then actuates a hydraulic system which raises the tines and the cargo so that the load can then be transported and unloaded at any level within the reach of the hoist.

Mr. Thompson, the warehouse supervisor for his employer, a motor truck line, was placing a 750 pound box in a trailer van with the fork lift truck. The van was backed up with the bed of the van level with the loading platform. The fork lift truck was in the van except for about a foot or six inches of the rear which was still on the loading dock. The truck pulling the trailer went forward with Thompson being thereby placed in the predicament of falling with the fork lift truck or getting off. He jumped and broke his leg.

■ There are many definitions of the word "automobile." See 38 A.L.R.2d at page 867, et seq. Most of them come down to a vehicle propelled by a motor which is capable of standing erect when stationary and which does not run upon fixed rails or tracks. Some definitions add a clause that the vehicle must be designed for carrying persons or property and be designed for use on a highway. See Life & Cas. Co. of Tennessee v. Metcalf, 240 Ky. 628, 42 S.W. 2d 909; Baltimore American Ins. Co. of New York v. Reynolds, 253 Ala. 104, 43 So. 2d 1; Bank for Savings & Trusts v. United States Casualty Co., 242 Ala. 161, 5 So.2d 618; Blashfield, Automobiles, § 4122. 5A Am.Jur., Automobiles and Highway Traffic, § 2, uses a definition with the expression "suitable for use on a street or highway." For example, under a fire insurance policy a tractor was not held to be an automobile in Jernigan v. Hanover Fire Ins. Co. of N. Y., 235 N.C. 334, 69 S.E.2d 847, whereas, under an accident indemnity policy similar to Thompson's, a tractor was included as an automobile in Koser v. American Cas. Co., 162 Pa.Super. 63, 56 A.2d 301. Cf. Washington Nat. Ins. Co. v. Burke, Ky., 258 S.W.2d 709, 38 A.L.R.2d 861.

■ We consider the word "automobile" to be imprecise. Therefore, the ambiguity is to be resolved against the author, i. e., the underwriter, Trans-Continental Mut. Ins. Co. v. Harrison, 262 Ala. 373, 78 So. 2d 917.

 The instant vehicle could be operated on highways though its only trip on any public way was made in bringing it to the warehouse yard when Alabama Highway Express bought it. Accordingly, we see no need to consider whether or not the policy exclusion of motorcycles, farm machines, and fire apparatus has enlarged the scope of "automobile." See such reasoning in Johnson v. Continental Cas. Co., 127 Mont. 281, 263 P.2d 551, 552, holding a Caterpillar tractor to be included in a classification of "motor-driven cars [or] trucks."

There was no error in the judgment below.

Affirmed.