GENE BARBER, a minor, by his father and next friend, CLYDE BARBER, appellee, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, INC., appellant.

No. 50936.

(Reported in 121 N.W.2d 147)

William W. Gates, of Sioux City, and Herrick, Langdon, Sandblom & Belin, of Des Moines, for appellant.

Gleysteen, Nelson, Harper, Kunze & Eidsmoe, of Sioux City, for appellee.

THORNTON, J.—Two questions are presented in this appeal. Because of our view of the second it is unnecessary to consider the first.

I. The question is whether plaintiff is excluded from coverage by the following exclusion:

"This insurance does not apply under: * * * (i) coverages C and M, to bodily injury to any person: * * * (3) other than the named insured and a relative while occupying any vehicle not insured under Insuring Agreements I or II; * * *."

Plaintiff was riding a bicycle at the time of the accident with the insured car. The trial court held, plaintiff "was not occupying such 'vehicle' as referred to in said Insuring Agreements I and II. That said policy is an automobile policy and the term 'vehicle' used therein refers to automobiles. * * * that a bicycle is not 'such a vehicle' as contemplated by the provisions of said policy."

Defendant contends the coverage does not apply to any

person, "while occupying any vehicle", not insured or a relative, that the term "vehicle" in its plain ordinary use includes a bicycle, the language of the exclusion is plain and clear.

Plaintiff contends a bicycle is not as contemplated in the exclusion, the exclusion is ambiguous and the construction most favorable to the insured should be given it.

Does the term "any vehicle" include a bicycle? And is such term as used reasonably susceptible to more than one meaning? We think not. There is no controversy about "while occupying." It was stipulated plaintiff was riding a bicycle and the policy defines "occupying" to mean, "in or upon or entering into or alighting from."

The policy does not define "vehicle." It is a general or generic word including bicycles as well as all other means of conveyance. See The Oxford English Dictionary and Webster's New International Dictionary (second edition) (submitted by stipulation in a letter from Professor William Palmer of Morningside College), also Webster's Third International Dictionary. A bicycle is defined as a vehicle in both of the Webster's dictionaries cited.

The word "any" used as an adjective is defined in Webster's Third International Dictionary as:

"One indifferently out of more than two, one or some, indiscriminately of whatever kind, every, used as a functional word * * * to indicate one selected without restriction or limitation of choice, all, used as a functional word to indicate the maximum or whole of a number or quantity."

See also Webster's New International Dictionary (second edition) and Wenthe v. Hospital Service, Incorporated, of Iowa, 251 Iowa 765, 769, 100 N.W.2d 903. It is given the force of "all" or "every", Iowa-Illinois Gas & Electric Co. v. City of Bettendorf, 241 Iowa 358, 363, 41 N.W.2d 1.

Unless the use of "any vehicle" in the exclusion clause indicates some other meaning than above set out, it includes all vehicles of every kind.

As bearing on the meaning of vehicle, plaintiff cites section 321.1, Code of Iowa, 1962. There bicycle is specifically excluded from the definition, "excepting devices moved by human power."

The definition is for the purpose of the chapter. The same is true of an Illinois statute, Johnson v. Railway Express Agency, 131 F.2d 1009 (7th Cir. 1942). To the same effect are Gallardo v. Luke, 33 Cal. App.2d 230, 91 P.2d 211, 213, a two-wheeled pushcart, and Jermane v. Forfar, 108 Cal. App.2d 849, 240 P.2d 351, 354, 30 A. L. R.2d 860, a scooter, cited by plaintiff.

Plaintiff does cite two cases which hold the term "vehicle" as used in an exception or exclusion clause in a policy- is ambiguous. An examination of them discloses the difference between them and this case.

In Montlake Drug Co. v. Maryland Casualty Co., 185 Wash. 336, 337, 54 P.2d 1009, the policy provided, " 'This policy does not cover any accident caused * * * by any automobile vehicle or by any draught or driving animal or vehicle owned * * *.' " The company contended the term "vehicle" included all classes of vehicles. In holding otherwise, the court said, "If so, why use at all in that connection and sentence the words 'automobile vehicle'?" The court held the exception provision was confined to automobile vehicle and vehicles moved by draft or driving animals, and not to a bicycle.

In Bank for Savings & Trusts v. United States Casualty Co., 242 Ala. 161, 162, 163, 5 So.2d 618, 619, the exception provided, " 'not cover any accident caused by any driving animal, automobile or any other vehicle * * *.' " The court said:

"The clause is not so carefully drawn as to have but one distinct meaning. * * * If he had intended to except 'all vehicles of any kind whatsoever,' and had wished to make a clear exact stipulation to that effect, he would have used those or similar words and need not have mentioned automobiles, bicycles, wagons, or any other kind of vehicle. If he had intended to except 'motor vehicles' and no other kind of vehicles, such skillful careful draftsman would have used substantially those words, without adding 'or any other vehicle.' In either event, there would have been no reasonable ground for controversy. But knowing the principle of ejusdem generis, he uses the term automobile followed by a more general designation."

From these cases plaintiff argues there is an ambiguity, that the principle of ejusdem generis should be invoked as an aid

.to determining what vehicle means. He contends vehicle is ambiguous because the word vehicle is used in subparagraph (2) of the same exclusion. It is, "This insurance does not apply under: * * * (i) coverages C and M, to bodily injury to any person: * * * (2) while occupying or through being struck by any automobile, land motor vehicle or trailer if such vehicle is owned by the named insured * * *."

Certainly it is there used as a general term and refers back to any automobile, land motor vehicle or trailer. It is directly referred back by the use of the adjective "such" referring to the things previously specified or mentioned. It is not qualified or used as a qualifying word. And it has no relation to its use in subparagraph (3) in question here.

It is next contended "vehicle" is modified by the words which follow it, "while occupying any vehicle *not insured under Insuring Agreements I or II.*" It was stipulated the policy was not intended to insure bicycles. Plaintiff argues the emphasized portion is a qualifying or descriptive clause and in its use there is the connotation that the vehicle might or could be insured under the policy. This is simply adding something that is plainly not there. The clause excepts insured vehicles from the exclusion. If plaintiff had been occupying the insured automobile this exception would have allowed him to recover. This is the purpose of the clause to take from the general excluded group of vehicles the insured vehicle. It does not limit the plain ordinary meaning of "any vehicle." It is not a part of a series of excluded or excepted vehicles as in the Montlake Drug Co. and Bank for Savings & Trusts cases, supra.

Also plaintiff contends because the policy defines "Private Passenger Automobile", "Non-owned Automobile", "Utility Automobile", "Temporary Substituted Automobile", "Newly Acquired Automobile", "Trailer" and other terms and does not define "vehicle", it is ambiguous and in need of definition. It would seem to be more logical to use its plain ordinary definition as a generic term including all vehicles.

In this regard neither plaintiff nor the trial court considered the adjective "any." We believe "any" in its plain ordinary meaning above set out emphasizes and makes the phrase "any

vehicle" as clear as the phrase " 'all vehicles of any kind whatsoever,' " pointed out as an example in the Bank for Savings & Trusts case, supra.

Our holding is that the exclusion clause when each word is given its plain ordinary meaning is not ambiguous. It simply provides the insurance shall not apply to persons (other than the named insured and a relative) while occupying any vehicle of whatever kind not insured under the policy. This excludes plaintiff's claim, he was riding an excluded vehicle, a bicycle. Any other holding would limit a general word when in fact it is enlarged in the context in which used by the use of the adjective "any." The question is solely one of law for the court. Mallinger v. State Farm Mutual Automobile Ins. Co., 253 Iowa 222, 111 N.W.2d 647.

The judgment of the district court is reversed and the case remanded with directions to dismiss plaintiff's petition.—Reversed and remanded with directions.

All Justices concur.