164 So.2d 709

**Arthur HEINRICH, d/b/a Travers Lumber Co.**

v.

**GLOBE INDEMNITY COMPANY et al.**

**1 Div. 19.**

Supreme Court of Alabama.

April 2, 1964.

Rehearing Denied June 11, 1964.

Inge, Twitty & Duffy, Mobile, for appellant.

Foreman & Brown, Mobile, for appellee.

COLEMAN, Justice.

This is an appeal by insured from a decree declaring that insurer is not obligated, under the terms of a "MANUFACTURERS' AND CONTRACTORS' LIABILITY POLICY," to defend insured in an action for personal injury and is not liable to pay any judgment which may be rendered against insured in said action.

Insured is in the lumber business and exports lumber. The policy contains the following provisions:

"GLOBE INDEMNITY COMPANY

" . . .

"Agrees with the Insured, named in the declarations made a part hereof, in consideration of the payment of the premium and in reliance upon the statements in the declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy:

"INSURING AGREEMENTS

"I. Coverage A—Bodily Injury Liability

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the hazards hereinafter defined.

" . . .

"Definition of Hazards

"Division 1—Premises—Operations

"The ownership, maintenance or use of premises, and all operations.

" . . .

"EXCLUSIONS

"This policy does not apply:

"(a) under division 1 of the Definition of Hazards, and under coverage C, to the ownership, maintenance, operation, use, loading or unloading of (1) watercraft if the accident occurs away from premises owned by, rented to or controlled by the named insured, except insofar as this part of this exclusion is stated in the declarations to be inapplicable, (2) automobiles if the accident occurs away from such premises or the ways immediately adjoining, or (3) aircraft;

" . . .

"CONDITIONS

" . . .

"3. Definitions.

" . . .

"(b) Automobile. The word 'automobile' means a land motor vehicle, trailer or semitrailer, provided:

" . . .

| "Location of all premises owned, rented or controlled by Named Insured (Enter 'same' if same location as above address) | Interest of Named Insured in such premises (Enter 'Owner,' 'General Lessee' or 'Tenant') | Part Occupied by Named Insured |
|---|---|---|
| "LOTS 11 & 12, BLAKELY ISLAND KNOWN AS MURRAY-TEPPERS PROPERTY, MOBILE, ALA., & ELSEWHERE IN THE STATE OF ALA. | LESSEE | ENTIRE |

"Item 3. The insurance afforded is only with respect to such and so many of the following coverages and divisions thereunder as are indicated by specific premium charge or charges. The limit of the company's liability against each such coverage and division shall be as stated herein, subject to all the terms of this policy having reference thereto.

| "Coverages | Divisions | Advance Premiums $ | $ Limits of Liability |
|---|---|---|---|
| "A<br>Bodily<br>Injury<br>Liability | 1. Premises—<br>    Operations<br>2. Elevators<br>3. Independent<br>    Contractors<br>4. Products | 62.37 | 100,000 each person<br>300,000 each accident<br>,000 aggregate<br>(Aggregate applies to<br>Div. 4 only) |
| "B<br>Property<br>Damage<br>Liability | 1. Premises—<br>    Operations<br>2. Elevators<br>3. Independent<br>    Contractors<br>4. Products | 24.30 | 5  ,000 each accident<br>25 ,000 aggregate<br>(Aggregate applies to<br>Divs. 1, 3 & 4 |
| "C<br>Medical<br>Payments | 1. Premises—<br>    Operations<br>2. Elevators | | each person<br>,000 each accident |
| "D<br>Contractual<br>Liability of<br>a Specified<br>Type | 1. Bodily<br>    Injury<br>2. Property<br>    Damage<br>    Liability | | ,000 each person<br>,000 each accident<br><br>,000 each accident<br>,000 aggregate" |

The emphasized portion of the last quotation is typewritten on the printed form of the policy.

———◆———

On the day in question, certain lumber, owned by insured, was loaded on a truck on insured's premises on Blakely Island. The truck was owned and operated by one Payne. In the bill of complaint, insured refers to Payne as: "being an independent contractor." Payne had agreed to haul the lumber to a certain pier of the Alabama State Docks.

Payne transported the lumber to the pier. John Hayles, hereinafter called plaintiff, who was an employee of Alabama State Docks, was unloading the lumber from Payne's truck. While plaintiff was unloading the truck, a piece of lumber fell on and injured him. To recover for his injury, he brought an action against insured and Payne, and alleged, inter alia:

"Plaintiff avers that all of his damages and injuries were caused as a proximate consequence of the negligence of both of the Defendants in loading said lumber on said truck without stacking it evenly and/or without strapping or binding it."

Insured filed the instant suit seeking a declaration that insurer, under the policy, is liable to defend and pay. From an adverse decree, insured appeals.

Insured has also undertaken to appeal from a decree overruling his motion to

set aside the declaratory decree and grant him a rehearing. Such a decree will not support an appeal and is not subject to review on assignment of error on appeal from the final decree. Oliver v. Dudley, 267 Ala. 87, 100 So.2d 327. See Wheeler v. Bullington, 264 Ala. 264, 87 So.2d 27. Review will be confined to the final decree in the instant case.

Insured's argument is summarized in brief as follows:

"As stated at the outset, Appellee, Globe Indemnity Company, takes the position in the case at bar that coverage should not be extended to the accident and injuries complained of by Hayles in his complaint against its insured (Appellant) for the reason that Hayles was injured while on one of the piers located at the Alabama State Docks & Terminals. Globe contends that this was not on the premises of the assured, Arthur Heinrich, doing business as Travers Lumber Company and, therefore, not within the coverage of the policy. We submit that the above two quoted sections of this policy could have only one meaning, that is, that the hazards covered thereby are those which arise out of the ownership, maintenance or use of the premises actually occupied by the assured *and* all operations in the State of Alabama whether the operations take place on those premises actually occupied by the Appellant or, as was fully intended by the policy in question and the parties hereto, at job sites away from those premises. The printed clause defining the covered hazard does not require that the operations be on those premises actually occupied by Appellant in his business. This clause does not limit the hazards covered to only those operations occurring on those premises; instead, it provides that the hazards covered are those in connection with the ownership, maintenance or use of the premises, *'and all operations.'* The typewritten declarations list the premises as the Blakely Island property, as quoted above, and 'elsewhere in the State of Alabama.' "

Insured testified that Payne "was a completely independent contractor as far as you (insured) were concerned"; that the truck involved was not insured's truck; that insured furnished no employees to Payne for driving the truck or at any time after the truck left insured's premises; that insured loaded the truck and was through with it; that insured, at that time, did not operate any truck of his own and "made it a point of dealing entirely on an independent contractor's basis for the trucking of your (insured's) lumber"; that insured "didn't own, rent, or control any other premises than Lots 11 and 12, Blakeley (sic) Island," but insured was allowed to use other premises; that the distance from the State Docks to Lots 11 and 12 is "around 4 or 5 miles"; that insured's employees did not unload "this property"; that insured "Had nothing in the world to do with it after it left" insured's yard; that insured paid Payne $2.00 per thousand board feet for delivering the lumber; that insured had to pay for the unloading at the Docks; that the unloading was done by the State Docks and insured paid the State Docks for it; and that insured had nothing to do with the manner in which "they unloaded it."

█ It can scarcely be denied that the accident occurred during the unloading of an automobile, as defined in the policy, and "away from premises owned by, rented to or controlled by the named insured . . . or the ways immediately adjoining." Exclusion (a), which is copied above, states that the policy does not apply, under division 1 of the Definition of Hazards, to such an accident.

As we understand insured's argument, he says that the policy covers all operations of insured anywhere in the State of Alabama. Even if insured be correct in this contention, which it is not necessary to decide, the exclusions stated in the policy cannot be disregarded. The insurer's promise to pay is expressly made " . . . subject to

the . . . exclusions . . . and other terms of this policy."

The fault in insured's argument, as we see it, is illustrated by the following statement made in insured's reply brief, to wit:

" . . . As stated on page 10 of Appellant's original brief, under the exclusion in the policy before the court in the National Surety Corporation case, supra, it was provided that coverage would not apply to ' . . . vehicles of any kind, including the loading and unloading thereof, while away from the premises . . .' . . .."

We quote from the opinion insured refers to, Associated Indemnity Corporation v. National Surety Corporation, Tex.Civ.App., 287 S.W.2d 714, 716, as follows:

"The term premises was defined in the policy as follows:

" 'The unqualified word "premises" wherever used in this policy shall mean (a) the premises designated in the declarations, including buildings and structures thereon and the ways immediately adjoining, and (b) when a territory is designated in the declarations in addition to a specific location, places within said territory while used by or on behalf of the named insured, except public ways used in common with others.'

"It was further provided under the 'Exclusions' of the policy that the coverage should not apply, ' . . . under division 1 of the Definition of Hazards, to . . . vehicles of any kind, including the loading and unloading thereof, while away from the premises . . .' "

The instant policy differs from the policy in the Texas case in two particulars. First, the Texas policy contains a definition of the word, "premises," which we have not found in the instant policy. Second, the word, "premises," as used in the instant policy, is not unqualified. In the instant policy, the word, "premises," as used in the exclusions, is qualified and limited to "such" premises. "Such," as used in the exclusions, obviously refers to the premises referred to in the immediately preceding clause, that is, premises owned by, rented to, or controlled by the named insured. The Texas case does not appear to us to be at variance with the decree appealed from in the instant case.

Insured relies also on Bankson v. Accident & Cas. Co., 244 Ala. 371, 13 So.2d 398, where the policy excluded liability for claims caused by the use of a vehicle " . . . elsewhere, than within or upon the premises described in the Declarations." This court held that an accident, which occurred "on the way from the place" where sand was obtained to the site of a house being built by insured, was within the policy coverage. There the policy excluded accidents which did not occur "upon the premises described in the Declarations." The instant policy does not contain the same words. Here the policy excludes a vehicle unloading accident unless it occurs on "such premises," referring, we think, to "premises owned by, rented to or controlled by" the insured. The instant accident did not occur on such premises but occurred away from them.

All other authorities relied on by appellant have been carefully examined. We think they can be distinguished. To discuss them seriatim would serve no useful purpose.

"In harmony with the great weight of authority, this court adheres to the rule of liberal construction in favor of the insured of insurance policies in case of any ambiguity, holding, however, on the other hand that where the language is unambiguous, and but one reasonable construction of the contract is possible, it must be expounded as made, as the courts are not at liberty to make new contracts for the parties. Continental Casualty Co. v. Ogburn, 175 Ala. 357, 57 So. 852, Ann.Cas.1914D, 377; Union Central Relief Ass'n v. Johnson, 198 Ala. 488, 73 So. 816." New York Life Ins. Co. v. Torrance, 224 Ala. 614, 617, 141 So. 547, 550.

"Another cardinal rule, enforced everywhere, so far as we are informed, is that, if the contract of insurance, in its terms, is plain, certain, and free from ambiguity, there is no room for construction, and it is the duty of the court to enforce it as written. (Citations Omitted.)" McGifford v. Protective Life Ins. Co., 227 Ala. 588, 590, 151 So. 349.

"It seems to be well settled that exceptions, 'explicit in terms and plain of meaning,' withdrawing a claim from the general stipulations of the policy, will be given effect. 5 Couch on Insurance, § 1165, p. 4088; Leaksville Light & Power Co. v. Georgia Cas. Co., 188 N.C. 597, 125 S.E. 123." Loveman, Joseph & Loeb v. New Amsterdam Casualty Co., 233 Ala. 518, 520, 173 So. 7.

We are of opinion that the instant policy excludes from coverage the claim sued on by plaintiff and that error in the decree appealed from has not been shown.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and MERRILL, JJ., concur.