BOARDMAN, Judge.
Citrus Enterprises, Inc., (Citrus) delivered two Thermo-King coolers to Ray Moore for repairs. The coolers were left outside Mr. Moore’s premises, as he did not have room for them in his shop. They were missing upon Moore’s arrival at work the next morning. Citrus recovered for the loss from its insurance company, Under *728 writers Insurance Company (Underwriters). Underwriters then sued Moore and his insurance carrier, Hartford Accident and Indemnity Company (Hartford). Citrus, Hartford and Underwriters moved for summary judgments and a partial summary judgment was entered finding, inter alia, that a policy of insurance was in effect between the defendants, Moore and Hartford, and that said policy covered the risk upon which this suit was founded. This timely appeal by Hartford followed that judgment.
Moore’s policy included coverage for “GARAGEKEEPERS’ LEGAL LIABILITY.” Under this section four specific types of coverage were provided. Moore paid for all types of coverage that the policy provided, only one of which, K-2, covered theft, and, therefore, is the only section we are concerned with here. Section K-2 specifies that it covers “Theft of the Entire Automobile.”
An automobile is generally defined as a self-propelled vehicle or carriage for the transportation of persons or property whose operation is not confined to a fixed track. 10 Couch on Insurance 2d, § 41:269 (1962). At first blush this definition would seem to be dispositive of this cause. Citrus and Underwriters, appellees, direct our attention to section VII of the insurance contract where the following definition appears:
“automobile” means a land motor vehicle or trailer, other land equipment capable of moving under its own power, equipment for use therewith and animal drawn equipment. . . .”
We note that the policy’s definition contains the word “or” which indicates the disjunctive and coverage for each of the items listed. Accordingly, “. equipment for use therewith . . . . ” is covered within the definition of automobile in this policy. Since it is undisputed that the coolers were for use with a trailer, Hartford is liable on its policy in the event Moore is found to be liable.
We are not unmindful of the fact that the result reached in this case may be considered unreasonable. In common, everyday parlance, clearly, an air conditioner is not an automobile. The responsibility for the necessary result is that of the drafter, Hartford. As our supreme court said in Boyd v. United States Fidelity & Guaranty Co., Fla.1971, 256 So.2d 1, the clear language of the contract governs the disposition of the case where there is no ambiguity. It was Hartford, the insurer, that, for reasons best known to it, selected the definition of automobile and included it in the policy — not Moore, or this court.
Assuming, arguendo there was an ambiguity in the terminology selected, the result would be unchanged. The law in this jurisdiction is well established that the courts will and should construe the terms of a policy liberally in favor of the insured and strictly against the insurer. Hartnett v. Southern Insurance Company, Fla. 1965, 181 So.2d 524.
In National Casualty Company v. Thompson, 1957, 39 Ala.App. 199, 96 So.2d 708, the Court of Appeals of Alabama determined the word “automobile” to be imprecise, and resolved it against the author. The result in the last cited case was that a fork lift truck was found to be an automobile for the purposes of an action on an accident insurance policy. Any ambiguity in the instant case would also be resolved against the drafter.
We further find that appellee, Moore, is entitled to an attorneys’ fee pursuant to the provisions of Section 627.428(1), Florida Statutes. The amount of said fee is to be set by the trial court when it resumes jurisdiction over this matter.
Affirmed.
HOBSON, A. C. J. and McNULTY, J., concur.