**Frances E. DOETTL, Plaintiff,**

v.

**COLONIAL LIFE & ACCIDENT INSURANCE COMPANY, Defendant.**

**No. CV–79–76–BU.**

United States District Court,
D. Montana,
Butte Division.

April 5, 1982.

Wade J. Dahood, Knight, Dahood, McLean & Everett, Anaconda, Mont., for plaintiff.

Gregory C. Black, Corette, Smith, Pohlman & Allen, Butte, Mont., for defendant.

## MEMORANDUM AND ORDER

HATFIELD, District Judge.

The United States Court of Appeals for the Ninth Circuit has remanded this case to the United States District Court for the District of Montana for a period of forty-two (42) days to consider the plaintiff's motion for relief under Rule 60(b), Federal Rules of Civil Procedure.[1] Jurisdiction vested in this court on February 26, 1982, and expires on April 9, 1982. All briefs have been submitted for review by the court, and oral argument was held on March 31, 1982. Having considered the merits of the arguments raised by the parties, the court is now ready to rule.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In the late fall or early winter of 1971, the plaintiff applied for an accident disability policy with the defendant. Defendant issued the policy to the plaintiff with an effective date of December 5, 1971.

---

**1.** In their briefs, the parties have referred to the plaintiff as "Plaintiff/Appellant" and to the defendant as "Defendant/Appellee". In this memorandum, the court will use the terms "plaintiff" and "defendant".

At the time she applied for and received the policy, the plaintiff was employed as a psychiatric aide at the Warm Springs State Hospital. In May 1977, the plaintiff was struck in the shoulder by a patient. She felt pain in her neck and shoulder, but continued to work. A short time later, in August 1977, the plaintiff was again injured when a male patient grabbed her neck and applied a "full Nelson" wrestling hold. She immediately felt pain in her neck and spine, and is now totally disabled.

Plaintiff made a timely claim to the defendant for total disability benefits. Defendant paid disability benefits to the plaintiff until June 1978, but ceased to pay further benefits based on the plaintiff's arthritic condition, which was aggravated by the injury, and the relationship of that condition to specific language in the policy.

Subsequently, the plaintiff commenced suit against the defendant for its refusal to pay the disability benefits under the policy. The suit was originally filed in state district court in Deer Lodge County, Montana, and was later removed to the United States District Court for the District of Montana via diversity of citizenship. Defendant filed a motion for summary judgment on the issue of liability; the plaintiff countered by filing a cross-motion for summary judgment. By a memorandum and order dated January 8, 1981, the Honorable W. D. Murray, Senior United States District Judge for the District of Montana, granted summary judgment in favor of the defendant based upon the Montana Supreme Court decision in the case of *Sullivan v. Metropolitan Life Insurance Co.*, 96 Mont. 254, 29 P.2d 1046 (1934).

Plaintiff then filed motions for amendment and new trial, pursuant to Rules 52 and 59, Fed.R.Civ.P. By a memorandum and order dated April 23, 1981, Judge Murray reluctantly denied these motions on the grounds that the court was bound by *Sullivan*, and *Kingsland v. Metropolitan Life Insurance Co.*, 97 Mont. 558, 37 P.2d 335 (1934).

Plaintiff appealed the order granting the defendant summary judgment to the United States Court of Appeals for the Ninth Circuit. On November 6, 1981, while the appeal to the Ninth Circuit was pending, the Montana Supreme Court issued its decision in the case of *Life Insurance Company of North America v. Evans*, Mont., 637 P.2d 806 (1981). In that case, the Honorable Russell E. Smith, Senior United States District Judge for the District of Montana, certified the following question to the Montana Supreme Court:

Are the decisions of law set down in *Kingsland v. Metropolitan Life Insurance Co.* (1934), 97 Mont. 558, 37 P.2d 335, and *Sullivan v. Metropolitan Life Insurance Co.* (1934), 96 Mont. 254, 29 P.2d 1046, still law in Montana?

*Life Insurance Company of North America v. Evans, supra,* 637 P.2d at 806. The Montana Supreme Court, in a unanimous decision, ruled that *Sullivan* and *Kingsland* "no longer state the law in Montana." *Life Insurance Company of North America v. Evans, supra,* 637 P.2d at 809.

Thereafter, the plaintiff filed a motion for relief under Rule 60(b), Fed.R.Civ.P., with the District Court and requested the District Court to issue an order indicating whether or not it would consider the plaintiff's motion for relief if the case were remanded by the Ninth Circuit. On February 9, 1982, Judge Murray issued an order stating that the District Court would entertain the plaintiff's motion for relief under Rule 60(b), Fed.R.Civ.P. if the case were remanded.

Plaintiff then petitioned the Ninth Circuit to remand the present case to the District Court for reconsideration of its decision granting summary judgment in favor of the defendant. The Ninth Circuit granted the motion on February 26, 1982, and ordered the case remanded to the District Court for a limited period to consider the plaintiff's motion for relief under Rule 60(b), Fed.R.Civ.P.

## II. DISCUSSION

A reading of Judge Murray's prior memoranda and orders, issued January 8, 1981 and April 23, 1981, discloses his reluctance

to deny the plaintiff relief and his dissatisfaction with the Montana law set forth in *Sullivan* and *Kingsland.* [2] Judge Murray was understandably disturbed with the precedent upon which he had to rely.

In *Sullivan*, the insured hit his head when he tripped over a piece of sheet metal and fell. Five days later, he died of a cerebral hemorrhage. Evidence was introduced that the insured suffered from high blood pressure and arteriosclerosis when he fell. Evidence was also introduced which indicated that, in all probability, no hemorrhage would have resulted if a man not suffering from high blood pressure and arteriosclerosis had tripped over the sheet metal.

The insurance policy in *Sullivan* provided coverage if the insured sustained "bodily injuries, solely through external violent and accidental means, resulting directly and independently of all other causes." Because of the clear and unequivocal language of the policy, and because the insured was suffering from arteriosclerosis, which worked in tandem with the accident to cause the insured's death, the court denied recovery. *Sullivan v. Metropolitan Life Insurance Co., supra,* 96 Mont. at 273, 29 P.2d at 1052.

In *Kingsland*, the insured died after he fell off a chair and struck his head on rough cement. The cause of death was described as a ruptured aneurysm of the aorta, precipitated by the fall head-first on the cement.

The insurance policy provided coverage if the death occurred "solely through external, violent and accidental means." From this language, the court reasoned that recovery could not be provided if the insured's condition was a contributing cause of death. *Kingsland v. Metropolitan Life Insurance Co., supra,* 97 Mont. at 566, 37 P.2d at 337. If a pre-existing condition were shown, recovery could be had only if the accidental injury was sufficient in itself to cause the death of a healthy person. *Id.*

2. On page 5 of his memorandum and order issued April 23, 1981, Judge Murray wrote: "In conclusion, the court strongly feels that the

The *Kingsland* court distinguished *Sullivan* on the grounds that the fall in *Sullivan* was not sufficient to cause the death of the insured, and his pre-existing infirmity was therefore a contributing cause. Conversely, the fall in *Kingsland* was alone sufficient to cause the death of the insured, and recovery was granted. *Kingsland v. Metropolitan Life Insurance Co., supra,* 97 Mont. at 566, 37 P.2d at 336.

*Sullivan* and *Kingsland* were emphatically rejected by the Montana Supreme Court in *Evans.* The court denounced these cases as too harsh and restrictive, and adopted a more liberal interpretation:

> Where an accidental injury aggravates or triggers a preexisting dormant disease or physical infirmity, the accident may be said to have been the proximate cause of the resulting disability within the terms and meaning of an ordinary accident insurance policy. [citations omitted.]

*Life Insurance Company of North America v. Evans, supra,* 637 P.2d at 808.

The pending task before this court is to take a fresh look at the present case in light of the Montana Supreme Court's pronouncement in *Evans,* and to determine whether the plaintiff is entitled to recovery from the defendant.

The contested language in the insurance policy issued to the plaintiff by the defendant is as follows:

> The Company will pay the benefits named in this section for any accident not excepted by the terms and conditions of the policy where loss results directly, independently and exclusively of all other causes from bodily injuries effected solely through external and accidental means. . . .

Plaintiff suffered from degenerative arthritis prior to being injured. Her arthritic condition was aggravated by the injury and thus contributed to her disability. For this reason, and relying on *Sullivan* and *Kingsland,* Judge Murray ruled that the explicit language in the policy of insurance issued by the defendant precluded coverage.

*Sullivan* and *Kingsland* cases are no longer reasonable rules of law; nevertheless this court is bound by them."

However, *Sullivan* and *Kingsland* no longer state the law in Montana. The forthright rejection of these cases by the Montana Supreme Court in *Evans*, coupled with the demands of justice, compels this court to conclude that the *Evans* decision is controlling. Therefore, the plaintiff's motion for relief under Rule 60(b), Fed.R. Civ.P., is granted, and the plaintiff is entitled to recovery from the defendant.

In so ruling, the court agrees with the Montana Supreme Court that the rules of law set forth in *Sullivan* and *Kingsland* are too harsh and restrictive.[3] This is particularly evident when an insured diligently pays insurance premiums year after year, only to be denied coverage by the insurer because the accident aggravated a pre-existing condition which contributed to the death or disability of the insured. In *Evans*, the Montana Supreme Court refused to allow such an inequitable practice to continue. The decedent had paid premiums on his accidental death policy since its effective date of November 1, 1972. An injury triggered a pre-existing condition which contributed to the decedent's death. The court granted recovery.

In the present case, the plaintiff has paid premiums on her accident insurance policy since its effective date of December 5, 1971. An injury triggered a pre-existing condition which likewise contributed to her total disability. To deny the plaintiff the benefit of the decision in *Evans* would also deny her the relief she deserves; such a denial would be as harsh and inequitable as the rules of law enunciated in *Sullivan* and *Kingsland*, and rejected by the Montana Supreme Court in *Evans*. This the court will not do.

THEREFORE, it is HEREBY ORDERED, and this does order, that the motion for relief under Rule 60(b), Fed.R. Civ.P., filed by the plaintiff, is GRANTED, and the plaintiff is entitled to recovery from the defendant. IT IS FURTHER OR-

DERED that the memoranda and orders issued by the District Court on January 8, 1981 and April 23, 1981, are VACATED, and are replaced by this memorandum and order.

---

3. Even prior to deciding *Evans*, the Montana Supreme Court had adopted a more liberal attitude toward the interpretation of insurance policies. For example, in *Fassio v. Montana Physicians' Service*, 170 Mont. 320, 553 P.2d 998 (1976), and *Johnson v. Continental Casualty Co.*, 127 Mont. 281, 263 P.2d 551 (1953), the court held that policies of insurance are to be construed in favor of the insured, and that an insurance company is liable under a policy unless coverage is specifically excluded by words which leave no doubt.