MADDOX, Justice.
These appeals involve a will contest, and the primary issue presented is whether a motor home and a pick-up truck were “automobiles,” under the provisions of the will.
William R. Riggs, as executor of the estate of Howell R. Riggs (“testator”), commenced an action in the Circuit Court of Madison County for directions from the court regarding Evelyn D. Riggs’s petition for homestead and exempt property allowances and for a construction of the word “automobiles” in article three of the will. Evelyn Riggs also filed a complaint seeking an order compelling the payment of legacies and devises and the trial court entered an order which, in pertinent part, held that a motor home owned by the testator was not an “automobile” and that a pick-up truck owned by him was an “automobile,” as that term was used in the will.
*463 Evelyn Riggs then appealed, contending that the trial court erred in its determination that the motor home was not an automobile. The executor cross-appealed, contending that the trial court erred in its determination that the pick-up truck was an automobile.
FACTS
Howell R. Riggs and Evelyn D. Riggs were married in July 1966. In June 19, 1975, Howell Riggs executed a will; he died in June 1985. That will, as amended by two codicils, was probated as Howell Riggs’s last will and testament.
Under article three of the will, Evelyn Riggs was given “all household furniture, furnishings and equipment, and any automobiles.” Article five of the will provided that the residuary estate, specifically including an Avion travel trailer, was to be divided among certain named beneficiaries; this class of beneficiaries did not include Evelyn Riggs.
The testator died owning a 1984 Chevrolet Cavalier automobile, a 1979 Chrysler Newport automobile, a 1973 Chevrolet pickup truck, a 1984 Pace Arrow motor home, and the Avion travel trailer. There was no disagreement between the parties that Evelyn Riggs was to receive the 1984 Chevrolet Cavalier and the 1979 Chrysler Newport under the terms of the will. The only dispute involved the Pace Arrow motor home and the 1973 Chevrolet pick-up truck.
The trial court, in its order, stated:
“In deciding whether or not the 1973 Chevrolet truck and the Pace Arrow Motor Home are ‘automobiles’ as that term is used in the Last Will and Testament of the deceased, this Court is mindful of its duty to give effect to the testator’s intent. In an effort to perform this function, the court must examine the disputed provisions of the will in context. Having done so, this Court observes that the bequest of ‘... any automobiles which I may own at the time of my death’ is included in Article Three which also includes .. all household furniture, furnishings and equipment....’ At the time of the execution of this will, the testator did not own the Chevrolet pickup truck nor the Pace Arrow Motor Home, but did own an Avion travel trailer. He included the travel trailer in Article Five as a part of his residual estate. Since the Pace Arrow Motor Home is a recreational vehicle similar to a travel trailer, except that it is motorized, this Court concludes that it was not the intent of the testator that the Motor Home be included in Article Three as an automobile, but should constitute a part of his residual estate passing under Article Five. The Court also concludes that the 1973 Chevrolet pick-up truck is an automobile within the meaning of Article Three and should pass to Evelyn D. Riggs under that Article.”
I
The primary rule regarding construction of wills is that the court should follow the intent of the testator. Sims v. Moore, 288 Ala. 630, 264 So.2d 484 (1972).
Our search of Alabama cases reveals no authority for a definition of “automobile” when used to describe property of a decedent’s estate. There are, however, numerous cases decided by Alabama courts and other jurisdictions relating to the definition of “automobile” in other contexts. In Mattox v. Pennsylvania Threshermen & Farmer’s Mutual Casualty Insurance Co., 276 Ala. 172, 160 So.2d 458 (1964), this Court stated:
“The word ‘automobile’ is derived from the Greek word ‘autos’ meaning self, and the Latin word ‘mobilis’ meaning freely movable, signifying self-movable, changing its own place or able to effect a change of its own place. — Seaford v. Nationwide Mutual Ins. Co., 253 N.C. 719, 117 S.E.2d 733, 85 A.L.R.2d 496; Bonds v. State, 16 Ga.App. 401, 85 S.E. 629.”
“Automobile” has also been defined as a vehicle propelled by a motor which is capable of standing erect when stationary, and which does not run upon fixed rails or tracks. 7A Am.Jur.2d Automobiles & Highway Traffic, § 1, at 193 (1980). In National Casualty Co. v. Thompson, 39 Ala.App. 199, 96 So.2d 708 (1957), the Ala *464 bama Court of Appeals stated that the term “automobile” is defined as: “[A] vehicle propelled by a motor which is capable of standing erect when stationary and which does not run upon fixed rails or tracks.” The Court added: “Some definitions add a clause that the vehicle must be designed for carrying persons or property and be designed for use on a highway. See Life & Cas. Co. of Tennessee v. Metcalf, 240 Ky. 628, 42 S.W.2d 909; Baltimore American Ins. Co. of New York v. Reynolds, 253 Ala. 104, 43 So.2d 1; Bank for Savings & Trusts v. United States Casualty Co., 242 Ala. 161, 5 So.2d 618.”
In this case, the 1973 Chevrolet pick-up truck and the Pace Arrow motor home are self-propelled by engines contained within the vehicles themselves. Both vehicles are capable of standing erect when stationary, and neither runs upon a fixed rail. The pick-up truck and the motor home are both designed for use on the highways and streets, and both are specifically designed for carrying persons or property.
As the trial court found, the evidence reveals that at the time the testator executed the will, he did not own either the Pace Arrow motor home or the pick-up truck. He did own certain “passenger sedan” automobiles and the Avion travel trailer. The testator executed two codicils amending his will. In the first codicil, he amended his will to show the sale of real property listed in the will and to substitute new property he had acquired in its place. The second codicil deleted reference to a secondary executor. The testator acquired the motor home in question following execution of the codicils.
The fact that the testator executed two codicils clearly indicates that he was aware that he could have amended his will to have the pick-up truck and the Pace Arrow motor home included in his residuary estate had he wished to do so.
II
We are of the opinion that the word “automobile,” as used in the testator’s will, included the Pace Arrow motor home and the pick-up truck. Heinrich v. Globe Indem. Co., 276 Ala. 518, 164 So.2d 709 (1964); Bishop v. State, 92 Ga.App. 494, 88 S.E.2d 746 (1955). Those cases hold that the term “automobile” includes more than passenger sedans. In Heinrich this Court found that a lumber truck was included within the definition of the term “automobile,” as the term was used in the liability policy. The plaintiff in Heinrich, an employee of the state docks, was injured while unloading lumber from a truck. This Court ruled that the employee was, at the time of his injury, engaged in unloading an “automobile” within the meaning of the insurance policy. Similarly, the Georgia court, in Bishop, held that a truck comes within the generally and legally accepted definition of an “automobile.” William R. Riggs cites Code 1975, § 40-12-240(12)(b) and § 40-12-240(2) in an effort to distinguish pick-up trucks, motor homes and automobiles. Those statutes, which are part of the revenue sections of the Code, are entirely inapplicable to this case. The statutes do not, as suggested by the executor, distinguish automobiles from pick-up trucks or motor homes; to the contrary, they distinguish “private passenger automobiles” from those vehicles.
Even though we have found no Alabama case which discusses the kind of vehicles included within the definition of the word “automobile” when used in a will, we are of the opinion that the definition contained in Mattox, supra, is applicable.
The trial court did not err when it included the 1973 pick-up truck within the definition of “automobile,” but did err by failing to include the motor home within that definition.
The judgment of the trial court is affirmed, in part, and reversed, in part, and the cause remanded.
AFFIRMED, IN PART; REVERSED, IN PART; AND REMANDED.
TORBERT, C.J., and ALMON, BEATTY and HOUSTON, JJ., concur.